779 F.2d 573
 Merle L. ROYSE, Plaintiff-Appellant,
v.
The SUPERIOR COURT OF the STATE OF WASHINGTON, In and For
WALLA WALLA COUNTY; Pamela Ray, Individually and in her
official capacity as Clerk of the Superior Court, et ux.,
and her sureties of bond, Defendants-Appellees.
 No. 85-3708.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 8, 1985.*
Decided Jan. 3, 1986.
As Amended on Denial of Rehearing and Rehearing En Banc Feb. 21, 1986.
 
 Meryle Royse, Walla Walla, Wash., for plaintiff-appellant.
 Donald W. Schacht, Walla Walla, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before WRIGHT and REINHARDT, Circuit Judges, and TAYLOR,** Senior District Judge.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Appellant Royse, an inmate at the Washington State Penitentiary at Walla Walla, challenges an order of the superior court for that County requiring a contraband inspection of all mail from inmates to that court. Because we find that the order does not violate the inmates' right of access to the courts, we affirm the district court's summary judgment dismissal.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 In April 1977, the Superior Court for Walla Walla County, issued a prison mail security order requiring the inspection of all mail sent by inmates of the penitentiary (WSP) to judges or officials of that court.[1]
 
 
 3
 It is undisputed that the reason for the mail inspection is to protect the security of superior court judges and other court personnel. Prior to issuance of the challenged order, a superior court judge in an adjoining county died from the explosion of a bomb mailed to his office.
 
 
 4
 Royse, an inmate of the WSP, filed an action in federal district court claiming that the order and inspection procedure violated his right of access to the courts. The court granted defendants' motion for summary judgment. Royse timely appealed.
 
 STANDARD OF REVIEW
 
 5
 This court reviews de novo a grant of summary judgment. Lojeck v. Thomas, 716 F.2d 675, 677 (9th Cir.1983).
 
 DISCUSSION
 
 6
 Federal courts traditionally have adopted a "broad hands-off attitude" toward problems of prison administration. Procunier v. Martinez, 416 U.S. 396, 404, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974). This policy of judicial restraint is even stronger where state penal institutions are involved. Id. at 405, 94 S.Ct. at 1807. But where a prison regulation or practice offends a fundamental constitutional guarantee, federal courts "will discharge their duty to protect constitutional rights." Id. at 405-06, 94 S.Ct. at 1807-08.
 
 
 7
 Royse contends that the inspection process results in the "censorship" of "legal mail," including mail to attorneys. The scope of the inspection, however, is limited to mail from inmates to the state court. Royse fails to provide any evidence that any mail to an attorney has been affected by the contraband inspection or that any inspected mail has been censored or returned to an inmate.
 
 
 8
 The sole issue we need decide is whether Royse's challenge of the inspection procedure constitutes a valid fourteenth amendment due process claim based on access to the courts. See Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941).
 
 
 9
 The Supreme Court has established a two-part test to review censorship of prison mail. Procunier, 416 U.S. at 413, 94 S.Ct. at 1811. First, the regulation "must further an important or substantial governmental interest unrelated to the suppression of expression." Id. Second, the restriction of first amendment rights "must be no greater than is necessary or essential to the protection of the particular governmental interest." Id.
 
 
 10
 The district court applied the Procunier test to the inspection procedure challenged here, finding that "access to the courts is no more a fundamental right than are first amendment association and speech interests."[2] Although this court has applied the Procunier test to censorship of incoming prisoner mail, Pepperling v. Crist, 678 F.2d 787 (9th Cir.1982), we have not considered the application of this test to cases involving the mere inspection of an inmate's "legal mail" for contraband. Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir.1981).
 
 
 11
 There is no question that the challenged inspection procedure serves an important governmental interest in protecting inmates, prison staff, and court personnel from injury or death due to mail bombs. As to the second prong of the Procunier test, we agree with the district court's finding that the inspection procedure is "minimally intrusive." Royse has failed to demonstrate that his access to the courts has been impaired by the inspection procedure.
 
 
 12
 While the inspection procedure here does not fail the Procunier test required for censorship of inmate mail, we decline to require the application of this test to the contraband inspection challenged here as a violation of inmates' right of access to the courts. As the Supreme Court has observed, "freedom from censorship is not equivalent to freedom from inspection or perusal." Wolff v. McDonnell, 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974). We find that the inspection of inmate mail for contraband does not constitute mail "censorship" governed by the Procunier test.
 
 
 13
 As to Royse's due process claim based on access to the courts, we note that this right "has not been extended by [the Supreme Court] to apply further than protecting the ability of an inmate to prepare a petition or complaint." Id. Because the inspection procedure here does not delay or hinder Royse's communication with the superior court or involve a restriction on his ability to prepare legal documents, we find the district court properly concluded that Royse has not been denied access to the courts.
 
 
 14
 Although the Court in Wolff suggested that an inmate's presence during inspection is adequate protection against prison officials reading his mail, 418 U.S. at 577, 94 S.Ct. at 2985, it did not consider whether reading an inmate's mail despite his presence would violate his constitutional rights.
 
 
 15
 Here, Royse alleges that "overzealous" prison staff exceed the inspection procedures by reading inmate mail. Because this issue was not raised before the district court, we follow our general rule in not deciding it on appeal. Grauvogel v. Commissioner, 768 F.2d 1087, 1090 (9th Cir.1985). We merely note that any such conduct would violate the order complained of by Royse here and can be challenged under the prison's regular complaint procedure.
 
 CONCLUSION
 
 16
 The order providing for contraband inspection of inmate mail to a court or judge does not constitute censorship requiring the application of the two-part Procunier test. Nor does the inspection infringe on the inmates' right of access to the courts.[3]
 
 
 17
 AFFIRMED.
 
 
 
 *
 Oral argument was conducted by telephone conference call
 
 
 **
 For the District of Idaho
 
 
 [1]
 The order was reissued in August 1980 with four additional requirements: (1) the inspection shall be made in the presence of the inmate; (2) WSP staff shall be available daily for such inspections; (3) WSP staff shall not read any of the contents of inmate mail; and (4) WSP staff shall ensure that inspected mail will be expeditiously placed into the mail for delivery
 The WSP directive issued in response to the court order requires that any mail that fails to comply with the security inspection process will be returned to the inmate. The directive also requires that the inspection be made in the inmate's presence.
 
 
 [2]
 Because the district court found the Procunier standards "apply with equal force to the present case," it is clear that the court viewed access to the courts to be no less a fundamental right than first amendment interests
 
 
 [3]
 Royse contends also that he has a constitutional right under the privileges and immunities and equal protection clauses to be subject to mail inspection procedures no more restrictive than those applicable to any other prisoners or any persons in the general public. We reject this claim as clearly frivolous