892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Royce Calvin SANDS, II Plaintiff-Appellant,
v.
Roger CRIST, Warden, Arizona Correctional Training Center,
Jose Cardenas, Caseworker, W.E. Pachnowski,
Investigator, William Lackey,
Investigator, et al.,
Defendant-Appellees.
 No. 89-15502.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1989.*
Decided Dec. 15, 1989.
 
 Before WALLACE, PREGERSON, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Royce Sands, an Arizona state prisoner, appeals in pro se from the order granting summary judgment in favor of the named defendants (prison officials) and the denial of his motion for partial summary judgment. We affirm.
 
 PERTINENT FACTUAL BACKGROUND
 
 3
 On October 18, 1988, Sands filed a verified complaint against the prison officials under 42 U.S.C. § 1983. The complaint asserts that the prison officials denied him the right to confidential communications with his attorneys while he was in the prison's Complex Detention Unit (CDU). In support of this contention Sands alleged: (1) his caseworker only arranged two calls to his attorney; (2) he was forced to meet with his attorney in a prison restroom; (3) he was not allowed contact visits with his legal assistant; (4) during his first week in the CDU he was not allowed to make telephone calls to the attorneys who represented him in previous litigation; and (5) his telephone calls to his attorney were monitored in violation of his sixth amendment right to effective representation by counsel. Sands also claims that the prison officials violated the federal wiretapping act, 18 U.S.C. §§ 2510-2521, by monitoring, recording and disclosing the contents of telephone calls he made to his attorneys.
 
 
 4
 Before serving process on the prison officials, Sands filed a motion for partial summary judgment. The prison officials did not respond to this motion.
 
 
 5
 After Sands served process, the prison officials filed a motion for summary judgment. The district court granted the prison officials' motion. The district court concluded that the undisputed facts showed Sands was not denied his right to phone his attorneys or to communicate with counsel in private. The district court also determined that the monitoring of his telephone calls did not violate the Wiretapping Act because Sands consented. The district court denied Sands' motion for partial summary judgment on the ground that it was filed prematurely. We have jurisdiction over this timely appeal from the dismissal of this action pursuant to 28 U.S.C. § 1291.
 
 
 6
 * STANDARD OF REVIEW
 
 
 7
 We review an order granting summary judgment under the same standard applicable to the district court pursuant to Fed.R.Civ.P. 56(c). Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir.1985). Accordingly, we "affirm only if the record, read in the light most favorable to the non-moving party, establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id.
 
 
 8
 Under section 1983, a plaintiff must show that the defendant, acting under color of state law, deprived the plaintiff of rights secured by the Constitution or other federal laws. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988). Here, the defendants are prison officials; therefore, they act under state law. See McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir.1986). Thus, we must determine whether evidence presented regarding the prison officials' motion for a summary judgment, when viewed in the light most favorable to Sands, shows that the prison officials deprived him of rights.
 
 II
 DISCUSSION
 
 9
 A. Denial of Telephone Calls to His Attorneys
 
 
 10
 Under Fed.R.Civ.P. 56(e) the party opposing a motion for summary judgment may not rest upon the allegations or denials of his pleadings, but must respond by affidavit, or in some other manner provided by rule 56(e), and "set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Under the law of this circuit, however, a verified complaint may be considered in opposition to a motion for summary judgment because "it is based on personal knowledge and sets forth specific facts admissible in evidence." Mcelyea v. Babbitt, 833 F.2d 196, 197 (9th Cir.1987); See Lew, 754 F.2d at 1423.
 
 
 11
 In his verified complaint, Sands concedes that he made numerous phone calls to his attorneys. He contends on appeal that the prison officials deprived him of the benefits of an internal prison procedure which provides that an inmate's caseworker may arrange telephone calls by, instead, allowing other caseworkers to arrange many of his telephone calls. This contention is not properly before the court because Sands has raised it for the first time on appeal. Royse v. Superior Court of The State of Washington, 779 F.2d 573, 575 (9th Cir.1986).[1]
 
 
 12
 In his verified complaint, Sands alleges that he was required to conduct confidential meetings with his attorney in a prison restroom. He also claims that he was denied a contact visit with his legal assistant. Prison officials are required to provide an inmate with meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access to the courts is designed to protect an inmates' ability to file pleadings, appellate briefs and other court documents. Id. at 822; Royse, 779 F.2d at 575. The right of access to the courts also includes "adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828; see Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987) (pro se litigant's right of access to courts includes reasonable access to law library). The record shows that Sand's attorney uses a wheelchair. It is undisputed that the only room in the prison which can accommodate counsel's wheelchair and afford Sands an opportunity to engage in a confidential communication with his attorney is a restroom. Sands has failed to demonstrate that meeting his attorney in a restroom hindered his ability to receive adequate assistance from counsel or deprived him of access to the courts. See Bounds, 430 U.S. at 822, 828; Royse, 779 F.2d at 575.
 
 
 13
 Sands complains that he was denied a contact visit from his legal assistant. A prisoner does not have a constitutional right to contact visitation. See Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir.1986) (denial of contact visitation does not constitute cruel and unusual punishment), cert. denied, 481 U.S. 1069 (1987). Sands has not presented facts showing that the denial of contact visitation with his legal assistant denied him access to the courts. Sands has failed to demonstrate that denial of such visitation deprived him of a constitutional right. See Bounds, 430 U.S. at 822, 828; Royse, 779 F.2d at 575.
 
 
 14
 Sands' claim that he was not able to contact his attorneys and inquire about his other litigation during his first week in the CDU does not demonstrate that he was deprived of a federally protected right. Sands' verified complaint does not allege facts showing that his attorneys were hindered in filing documents with the court because of Sands' inability to contact them during his first week in the EDD. To the contrary, Sands alleges in his complaint that his attorneys and his legal assistant were able to visit him or communicate with him whenever they wanted to reach him.
 
 
 15
 Finally, Sands argues that the defendants denied him his rights to effective assistance of counsel and access to the courts by monitoring his telephone calls. Sands accurately relies on Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir.), cert. denied, 418 U.S. 910 (1974), for the proposition that "[i]t is established that the right to confidentiality of communications between an attorney and their client is a vital ingredient to the right of court access." Appellant's Opening Brief, page 1.
 
 
 16
 The "[g]overnment violates the right to effective assistance [of counsel] when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." Perry v. Leeke, 109 S.Ct. 594, 599 (1989) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)). A prisoner who has not been completely denied access to his attorney must present facts showing that he has been prejudiced. See Perry, 109 S.Ct. at 599-600 (defendant must show he was prejudiced by trial court order that he not confer with counsel during 15 minute recess at conclusion of his direct testimony); United States v. Lucas, 873 F.2d 1279, 1281 (9th Cir.1989) (inmate required to show prejudice where he was detained in a facility located two hours away from site of trial because counsel was able to communicate with him by traveling to the prison).
 
 
 17
 Sands has not demonstrated that he was prejudiced by the monitoring of his telephone calls because he was provided a room where he could engage in confidential communications with his attorney and his legal assistant. The record shows that Sands used this room for confidential communications with his attorney and his legal assistant. See Lucas, 873 F.2d at 1281 (defendant was not prejudiced by his detention in facility located two hours from site of trial because his attorney could communicate with him by driving to the facility); cf. Wolff v. McDonnell, 418 U.S. 539, 577 (1974) (Supreme Court balanced prison's security interest and inmate's interest in confidential communications with attorney by requiring prison officials to examine an inmate's legal mail in his presence). Because the record shows that Sands was not completely precluded from the opportunity to consult his attorney without being overheard by prison officials, the record does not demonstrate the monitoring of his telephone calls to his attorney denied him effective assistance of counsel or a meaningful access to the courts. See Oltarzewski, 830 F.2d at 139 (summary judgment properly granted against prisoner who failed to set forth specific facts to support allegations of denial of access to courts).
 
 
 18
 B. Alleged Violation of The Federal Wiretapping Act
 
 
 19
 A person acting under color of law may "intercept a wire or oral communication, where ... one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). The record shows that prior to each of his telephone calls Sands signed a telephone request form which contained a statement notifying him that the call would be monitored. Because Sands signed the forms containing this statement, he expressly consented to the monitoring of his telephone calls, and implicity consented to the interception of the calls. See 18 U.S.C. § 2511(2)(c); United States v. Ryan, 548 F.2d 782, 787 (9th Cir.1976) (consent is sufficient justification for surveillance), cert. denied, 430 U.S. 965 (1977); see also United States v. Amen, 831 F.2d 373, 378 (2d Cir.1987) (prisoner implicitly consented to monitoring of his telephone conversation where he knew in advance that prison officials monitored telephone calls), cert. denied, 108 S.Ct. 1573 (1988); United States v. Paul, 614 F.2d 115, 117 (6th Cir.) (posting prison phone rules gave inmates reasonable notice that monitoring of phone conversations would occur), cert. denied, 446 U.S. 941 (1980).
 
 
 20
 Also, prison officials may disclose the contents of a communication where the inmate consented to interception or monitoring of his telephone call. See 18 U.S.C. § 2511(1)(b)(c). Because the prison officials had Sands's consent to intercept the contents of his telephone calls, they did not violate the federal wiretapping act by disclosing the contents of those calls. 18 U.S.C. § 2511(1)(b)(c); see United States v. Kaiser, 660 F.2d 724, 734 (9th Cir.1981) (recording obtained with consent of party is admissible in evidence), cert. denied, 455 U.S. 956 (1982).
 
 III
 
 21
 PROPRIETY OF THE DENIAL OF SANDS' MOTION FOR PARTIAL SUMMARY JUDGMENT
 
 
 22
 Sands contends that the prison officials' failure to respond to his motion for partial summary judgment entitled him to a favorable ruling. Sands filed his complaint in this action on October 18, 1988. On December 9, 1988, Sands filed a motion for partial summary judgment. The prison officials were not served until December 22, 1988.
 
 
 23
 The district court did not err in denying Sands' "Demand for Default." "A federal court is without personal jurisdiction over a defendant unless the defendant has been [properly served process]." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986), cert. denied, 108 S.Ct. 198 (1987). Furthermore,
 
 
 24
 [t]he purpose of process is to give the addressee notice of the proceeding against him. Thus service of process (in the absence of a voluntary appearance or a conscious waiver) is an indispensable prerequisite to the court's jurisdiction to proceed.
 
 
 25
 Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir.1967). Denial of Sands' motion for a default judgment was proper because the district court lacked in personam jurisdiction over the prison officials at the time it was filed.
 
 AFFIRMED
 
 26
 PREGERSON, Circuit Judge, dissenting.
 
 
 27
 I believe that the state significantly impaired Sands' right to meaningful access to the courts by monitoring telephone calls between Sands and his attorneys. Therefore, I respectfully dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sands also contends for the first time on appeal that he was improperly placed in the CDU. We decline to reach this contention