953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Darryl Bernard WATTS, Plaintiff-Appellant,
v.
D. JAMES, Badge # 32006, Correctional Officer; Charles D.
Marshall, Superintendent, Pelican Bay State
Prison, Defendants-Appellees.
 
 No. 91-15441.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl Bernard Watts, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in this action brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Watts brought a civil rights action alleging violations of his first and fourteenth amendment rights resulting from the actions of defendants in opening, or allowing to be opened, allegedly confidential correspondence between Watt and a California state agency and in delaying delivery of mail. Watts sought monetary damages from Corrections Officer D. James for opening, reading, and delaying delivery of his mail and injunctive relief from Pelican Bay State Prison Warden Charles Marshall for knowingly permitting and failing to prevent future acts of such misconduct.
 
 
 4
 We review de novo a district court's grant of summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). We view the evidence in the light most favorable to the party opposing the motion and affirm only in the absence of any genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Id. Additionally, we construe Watts' complaint liberally because he has proceeded pro se. See Baker v. Department of the Navy, 814 F.2d 1381, 1382 (9th Cir.1987).
 
 
 5
 A material issue of fact is an issue gleaned from "the pleadings, depositions, affidavits, and other material permitted by [Fed.R.Civ.P.] 56(c) ... that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." Admiralty Fund v. Hugh Johnson & Co., 677 F.2d 1301, 1306 (9th Cir.1982) (citations omitted). If the moving party meets its initial burden of proof by showing the absence of any genuine issue of material fact, the burden of proof shifts to the nonmoving party, who must set forth specific facts showing that there is a genuine issue for trial and "may not rely on the mere allegations in the pleadings in order to preclude summary judgment." T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 629-30 (9th Cir.1987) (citations omitted).
 
 
 6
 * Opening Mail Addressed to a State Agency
 
 
 7
 Watts contends that his first and fourteenth amendment rights were infringed by Officer James' actions in opening and inspecting mail Watts sent to a California state agency when that mail was returned to the prison due to an error in addressing it and mail Watts received from the same state agency. This claim is without merit.
 
 
 8
 Even if Watts' letters to and from the California state agency were confidential, which we do not decide here, Officer James may nonetheless invoke qualified immunity. If qualified immunity applies, the shield from liability will be lifted only if the correctional officer's conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It is the plaintiff's burden to prove that the right that the defendant violated was clearly established at the time of the alleged misconduct. Baker v. Racansky, 887 F.2d 183, 186 (9th Cir.1989). For a right to be clearly established, it must be "sufficiently clear that a reasonable official would understand that what he was doing violates that right," and the unlawfulness must be apparent in light of preexisting law. Id. (quoting Anderson v. Creighton, 483 U.S. 635, 639-40 (1987)). The plaintiff must show that the particular facts of his case support a claim of a clearly established right. Backlund v. Barnhart, 778 F.2d 1386, 1389 (9th Cir.1985).
 
 
 9
 Here, at the time that Officer James opened Watts' mail, there was no clearly established right that a prisoner's letters sent to, or received from, state agencies were confidential and thus could not be opened except in the presence of the prisoner. In fact, our ruling in Mann v. Adams, 846 F.2d 589 (9th Cir.), cert. denied, 488 U.S. 898 (1988), suggests just the opposite. In Mann, we upheld a district court order granting summary judgment to defendants despite Mann's claim that mail sent to inmates from public agencies, among other entities, could only be opened in the presence of the inmate to whom it was addressed. Id. at 590.
 
 
 10
 Therefore, given Watts' failure to demonstrate a clearly established right to be present when correspondence to or from a public agency is opened, Officer James was entitled to invoke qualified immunity and the district court did not err by granting summary judgment on this claim. See Baker, 887 F.2d at 186.
 
 II
 Delay in Delivering the Mail
 
 11
 Watts also claimed that Officer James delayed for improper purposes delivery of a non-confidential letter he sent to a friend's wife which was returned to Watts because of an error in the address. This claim is without merit.
 
 
 12
 Watts offered no more than the conclusory allegations contained in his complaint in support of this claim. In light of the other evidence in the record, including Officer James' sworn declaration that this letter was delivered after the regular mail distribution period only because it was initially misdirected to another part of the prison, we cannot discern a basis for any claim arising under the constitution or federal statutes. Therefore, in the absence of facts alleging any harm, summary judgment on this issue was appropriate. See Mann, 846 F.2d at 591.
 
 III
 Injunctive Relief
 
 13
 Watts also contended that Warden Marshall fosters a policy of interfering with prisoners' rights to send and receive mail. This claim is without merit.
 
 
 14
 Each complaint that Watts raised alleging interference with his mail was investigated and found groundless by the proper prison officials under the direction of Warden Marshall. Warden Marshall's prompt action on these complaints belies Watts' conclusory allegations that he fosters a policy of interference with prisoners' rights to send and receive mail. Further, Watts has made no showing that the alleged interference with his mail has in any way hindered his access to the courts. See Royse v. Superior Court of State of Wash., Etc., 779 F.2d 573, 575 (9th Cir.1986) (due process claim based on access to courts does not extend beyond protecting inmate's ability to prepare petition or complaint). Therefore, Watts' challenge to the actions of Warden Marshall does not raise a fourteenth amendment due process claim based on access to the courts, and summary judgment on this issue was appropriate. See id.
 
 IV
 Appointment of Counsel
 
 15
 Watts' contention that the district court erred by declining to grant his motion for appointment of counsel also fails. We review for an abuse of discretion, McElyea v. Babbitt, 833 F.2d 196, 199-200 (9th Cir.1987), and we hold that the absence of "exceptional circumstances" justified the district court's decision not to appoint counsel, see Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4. Accordingly, Watts' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3