UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2230 

 WESTON J. STOW,

 Plaintiff, Appellant,

 v.

 SUSAN GRIMALDI, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, U.S. District Judge]

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

Weston J. Stow on brief pro se.
 
Jeffrey R. Howard, Attorney General, and William C. McCallum,
 
Assistant Attorney General, on brief for appellees.

 

 May 27, 1993
 

 Per Curiam. Plaintiff appeals from the dismissal
 

of his action as frivolous. We affirm.

 I.
 

 Plaintiff, an inmate at New Hampshire State Prison,

filed a civil rights action seeking declaratory, injunctive,

and damages relief for two instances when he was not

permitted by prison regulations to send sealed letters to the
 

Liberty University School of Lifelong Learning in postage-

prepaid envelopes supplied by the university. The envelopes

contained plaintiff's request to enroll in summer classes and

plaintiff's grades for the previous semesters. While prison

regulations allowed sealed letters to be sent to any of ten

listed persons or entities (e.g., president, vice-president,
 

federal or state courts) -- all other outgoing mail

presumably had to be sent in unsealed envelopes for ready

inspection -- schools and universities were not included on

the privileged list.1 Nevertheless, plaintiff claimed that

 

1. According to plaintiff, the challenged regulation
provided as follows:

 Privileged Correspondence

 1. Correspondence between a resident and a privileged
 correspondent will not ordinarily be inspected.
 However, it may be opened in the presence of the
 resident when considered necessary to insure the
 authenticity of the correspondent or to check for
 contraband. In any case, it will not be opened
 outside the presence of the resident unless the
 item has specifically waived this privilege in
 writing. Mail in privileged status must be clearly
 addressed to or received from one of the ten (10)

 -2-

his mail should be considered privileged because it contained

plaintiff's grades, a personal matter. After prison

officials refused plaintiff's request and required an

unsealed mailing, plaintiff filed the present action

challenging the prison mail policy and the prison officials'

actions as violative of the constitution and the Family

Educationaland Privacy Rights Act of 1974, 20 U.S.C. 1232g.

 

 privileged classifications in this PPD.

 2. The following is a complete list of agencies or
 individuals classified as privileged. Mail
 addressed as indicated will not be opened for
 inspection except in the resident's presence and
 may be sealed before deposit in the mail collection
 boxes. Addresses marked with a *, do not require
 postage.

 a. President of the United States, Washington, DC

 b. Vice-President of the United States,
Washington, DC

 c. Members of Congress addressed to appropriate 
 office

 d. The Attorney General of the United States and 
 regional offices of the Attorney General

 e. Federal or State Courts*

 f. The Governor and Council of the State of New 
 Hampshire, State House, Concord, NH 03301*

 g. The Attorney General of the State of New 
 Hampshire, State House Annex, Concord, NH
03301*

 h. Commissioner of the Department of Corrections*

 i. Members of the State Parole Board*

 k. County Attorneys per warden

 -3-

 Concluding that plaintiff had no right to send his

college transcripts in sealed envelopes, a magistrate judge

recommended that the complaint be dismissed. The district

court agreed, and plaintiff has now appealed.

 II.
 

 The censorship2 of outgoing prisoner

correspondence "is justified if the following criteria are

met":

 First, the regulation or practice in
 question must further an important or
 substantial governmental interest
 unrelated to the suppression of
 expression. Prison officials may not
 censor inmate correspondence simply to
 eliminate unflattering or unwelcome
 opinions or factually inaccurate
 statements. Rather, they must show that
 a regulation authorizing mail censorship
 furthers one or more of the substantial
 governmental interests of security,
 order, and rehabilitation. Second, the
 limitation of First Amendment freedoms
 must be no greater than is necessary or
 essential to the protection of the
 particular governmental interest
 involved. Thus a restriction on inmate
 correspondence that furthers an important
 or substantial interest of penal
 administration will nevertheless be
 invalid if its sweep is unnecessarily
 broad. This does not mean, of course,
 that prison administrators may be
 required to show with certainty that
 adverse consequences would flow from the

 

2. We will assume without deciding that the inspection of
 
plaintiff's mail constitutes censorship. But see Royse v.
 
Superior Court of the State of Washington, 779 F.2d 573 (9th
 
Cir. 1986) (inspection for contraband of mail sent by
prisoners to state court does not constitute censorship and
does not violate the constitution).

 -4-

 failure to censor a particular letter.
 Some latitude in anticipating the
 probable consequences of allowing certain
 speech in a prison environment is
 essential to the proper discharge of an
 administrator's duty. But any regulation
 or practice that restricts inmate
 correspondence must be generally
 necessary to protect one or more of the
 legitimate governmental interests
 identified above.

Procunier v. Martinez, 416 U.S. 396, 413-14 (1974). See also
 

Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (Martinez
 

standard applies when assessing the constitutionality of

regulations concerning outgoing correspondence, but

regulation of incoming mail is subject to more deferential

reasonableness standard).

 The challenged New Hampshire State Prison practice

of requiring non-privileged outgoing mail to be submitted for

inspection in unsealed envelopes satisfies both Martinez
 

criteria. First, the practice furthers an important

governmental interest -- security. As the Supreme Court has

recognized, ["p]erhaps the most obvious example of

justifiable censorship of prisoner mail would be refusal to

send . . . letters concerning escape plans or containing

other information concerning proposed criminal activity."

Procunier v. Martinez, 416 U.S. at 413. Plaintiff would
 

argue that his mail, directed to a school in an envelope

supplied by the school, presented no security problem because

escape or criminal activity plans could not fruitfully be

 -5-

transmitted in this manner. Plaintiff is wrong. Were the

institution not a legitimate one or were the school's mail

room employee in cahoots with plaintiff, security concerns

could well be implicated.

 Plaintiff argues that inspection of outgoing

correspondence cannot rationally be justified as a security

measure given, plaintiff says, that prison officials do not

monitor prisoners' telephone calls or conversations with

visitors, means by which prisoners could just as easily

communicate escape plans. Plaintiff cites to a number of

older cases which employed such reasoning in striking down

outgoing mail inspection practices. We, however, rejected a

similar argument in Feeley v. Sampson, 570 F.2d 364, 374 (1st
 

Cir. 1978). There, the district court had reasoned that

"because detainees' visits went unmonitored, escape plans or

contraband `drops' could be plotted regardless of any

surveillance of correspondence," and concluded that

inspection of outgoing mail could therefore not be upheld on

security grounds. Id. at 374. We rejected that reasoning
 

and concluded, in substance, that unmonitored mail increased

prisoners' opportunities for plotting escape and consequently

surveillance was justified as a security measure. We adhere

to that position.

 The second Martinez requirement, that the
 

limitation be no greater than necessary, is also met. The

 -6-

limitation is fairly minimal -- plaintiff can correspond with

the school provided he allows prison officials to check the

correspondence -- and there is no other way to determine

whether escape plans or other proscribable matter is being

sent except by looking at the correspondence. Plaintiff's

constitutional rights were not violated. See United States
 

v. Whalen, 940 F.2d 1027, 1035 (7th Cir.) ("it is well
 

established that prisons have sound reasons for reading the

outgoing mail of their inmates"), cert. denied, 112 S. Ct.
 

403 (1991); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir.
 

1986) (inspection of non-privileged outgoing mail does not

violate prisoners' First Amendment rights); United States v.
 

Kelton, 791 F.2d 101 (8th Cir.) (prisoner's Fourth Amendment
 

rights not violated by prison official's inspection and

copying of prisoner's outgoing mail), cert. denied, 479 U.S.
 

989 (1986).

 Nor were plaintiff's rights under the Family

Educational and Privacy Rights Act, 20 U.S.C. 1232g,

violated. Nothing in that Act requires prison officials to

take plaintiff's word that the envelope contained transcripts

and accept the sealed mailing.

 Affirmed.
 

 -7-