USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2230 WESTON J. STOW, Plaintiff, Appellant, v. SUSAN GRIMALDI, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Weston J. Stow on brief pro se. ______________ Jeffrey R. Howard, Attorney General, and William C. McCallum, __________________ _____________________ Assistant Attorney General, on brief for appellees. ____________________ May 27, 1993 ____________________ Per Curiam. Plaintiff appeals from the dismissal __________ of his action as frivolous. We affirm. I. _ Plaintiff, an inmate at New Hampshire State Prison, filed a civil rights action seeking declaratory, injunctive, and damages relief for two instances when he was not permitted by prison regulations to send sealed letters to the ______ Liberty University School of Lifelong Learning in postage- prepaid envelopes supplied by the university. The envelopes contained plaintiff's request to enroll in summer classes and plaintiff's grades for the previous semesters. While prison regulations allowed sealed letters to be sent to any of ten listed persons or entities (e.g., president, vice-president, ____ federal or state courts) -- all other outgoing mail presumably had to be sent in unsealed envelopes for ready inspection -- schools and universities were not included on the privileged list.1 Nevertheless, plaintiff claimed that ____________________ 1. According to plaintiff, the challenged regulation provided as follows: Privileged Correspondence 1. Correspondence between a resident and a privileged correspondent will not ordinarily be inspected. However, it may be opened in the presence of the resident when considered necessary to insure the authenticity of the correspondent or to check for contraband. In any case, it will not be opened outside the presence of the resident unless the item has specifically waived this privilege in writing. Mail in privileged status must be clearly addressed to or received from one of the ten (10) -2- his mail should be considered privileged because it contained plaintiff's grades, a personal matter. After prison officials refused plaintiff's request and required an unsealed mailing, plaintiff filed the present action challenging the prison mail policy and the prison officials' actions as violative of the constitution and the Family Educationaland Privacy Rights Act of 1974, 20 U.S.C. 1232g. ____________________ privileged classifications in this PPD. 2. The following is a complete list of agencies or individuals classified as privileged. Mail addressed as indicated will not be opened for inspection except in the resident's presence and may be sealed before deposit in the mail collection boxes. Addresses marked with a *, do not require postage. a. President of the United States, Washington, DC b. Vice-President of the United States, Washington, DC c. Members of Congress addressed to appropriate office d. The Attorney General of the United States and regional offices of the Attorney General e. Federal or State Courts* f. The Governor and Council of the State of New Hampshire, State House, Concord, NH 03301* g. The Attorney General of the State of New Hampshire, State House Annex, Concord, NH 03301* h. Commissioner of the Department of Corrections* i. Members of the State Parole Board* k. County Attorneys per warden -3- Concluding that plaintiff had no right to send his college transcripts in sealed envelopes, a magistrate judge recommended that the complaint be dismissed. The district court agreed, and plaintiff has now appealed. II. __ The censorship2 of outgoing prisoner correspondence "is justified if the following criteria are met": First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression. Prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements. Rather, they must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation. Second, the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Thus a restriction on inmate correspondence that furthers an important or substantial interest of penal administration will nevertheless be invalid if its sweep is unnecessarily broad. This does not mean, of course, that prison administrators may be required to show with certainty that adverse consequences would flow from the ____________________ 2. We will assume without deciding that the inspection of __________ plaintiff's mail constitutes censorship. But see Royse v. __________ ___ ___ _____ Superior Court of the State of Washington, 779 F.2d 573 (9th __________________________________________ Cir. 1986) (inspection for contraband of mail sent by prisoners to state court does not constitute censorship and does not violate the constitution). -4- failure to censor a particular letter. Some latitude in anticipating the probable consequences of allowing certain speech in a prison environment is essential to the proper discharge of an administrator's duty. But any regulation or practice that restricts inmate correspondence must be generally necessary to protect one or more of the legitimate governmental interests identified above. Procunier v. Martinez, 416 U.S. 396, 413-14 (1974). See also _________ ________ ___ ____ Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (Martinez __________ ______ ________ standard applies when assessing the constitutionality of regulations concerning outgoing correspondence, but regulation of incoming mail is subject to more deferential reasonableness standard). The challenged New Hampshire State Prison practice of requiring non-privileged outgoing mail to be submitted for inspection in unsealed envelopes satisfies both Martinez ________ criteria. First, the practice furthers an important governmental interest -- security. As the Supreme Court has recognized, ["p]erhaps the most obvious example of justifiable censorship of prisoner mail would be refusal to send . . . letters concerning escape plans or containing other information concerning proposed criminal activity." Procunier v. Martinez, 416 U.S. at 413. Plaintiff would _________ ________ argue that his mail, directed to a school in an envelope supplied by the school, presented no security problem because escape or criminal activity plans could not fruitfully be -5- transmitted in this manner. Plaintiff is wrong. Were the institution not a legitimate one or were the school's mail room employee in cahoots with plaintiff, security concerns could well be implicated. Plaintiff argues that inspection of outgoing correspondence cannot rationally be justified as a security measure given, plaintiff says, that prison officials do not monitor prisoners' telephone calls or conversations with visitors, means by which prisoners could just as easily communicate escape plans. Plaintiff cites to a number of older cases which employed such reasoning in striking down outgoing mail inspection practices. We, however, rejected a similar argument in Feeley v. Sampson, 570 F.2d 364, 374 (1st ______ _______ Cir. 1978). There, the district court had reasoned that "because detainees' visits went unmonitored, escape plans or contraband `drops' could be plotted regardless of any surveillance of correspondence," and concluded that inspection of outgoing mail could therefore not be upheld on security grounds. Id. at 374. We rejected that reasoning ___ and concluded, in substance, that unmonitored mail increased prisoners' opportunities for plotting escape and consequently surveillance was justified as a security measure. We adhere to that position. The second Martinez requirement, that the ________ limitation be no greater than necessary, is also met. The -6- limitation is fairly minimal -- plaintiff can correspond with the school provided he allows prison officials to check the correspondence -- and there is no other way to determine whether escape plans or other proscribable matter is being sent except by looking at the correspondence. Plaintiff's constitutional rights were not violated. See United States ___ _____________ v. Whalen, 940 F.2d 1027, 1035 (7th Cir.) ("it is well ______ established that prisons have sound reasons for reading the outgoing mail of their inmates"), cert. denied, 112 S. Ct. ____________ 403 (1991); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. ______ ____ 1986) (inspection of non-privileged outgoing mail does not violate prisoners' First Amendment rights); United States v. _____________ Kelton, 791 F.2d 101 (8th Cir.) (prisoner's Fourth Amendment ______ rights not violated by prison official's inspection and copying of prisoner's outgoing mail), cert. denied, 479 U.S. ____________ 989 (1986). Nor were plaintiff's rights under the Family Educational and Privacy Rights Act, 20 U.S.C. 1232g, violated. Nothing in that Act requires prison officials to take plaintiff's word that the envelope contained transcripts and accept the sealed mailing. Affirmed. ________ -7-