Anthony J. SULLY, Plaintiff,

v.

Daniel E. LUNGREN, State Attorney General, et al., Defendants.

No. C 93–4275 CAL.

United States District Court,
N.D. California.

Jan. 19, 1994.

ORDER OF DISMISSAL

LEGGE, District Judge.

Plaintiff, a prisoner of the State of California at San Quentin Prison ("San Quentin"), has filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 seeking injunctive relief. Plaintiff also seeks to proceed *in forma pauperis.*

### I

Plaintiff alleges that on January 15, 1992 he filed a complaint in Marin County Municipal Court seeking damages from various doctors at San Quentin for medical malpractice and deliberate indifference to serious medical needs. The defendants then denied all of plaintiff's allegations and allegedly opposed plaintiff's motion to appear at trial. Superior Court Judge Michael B. Dufficy of the Municipal Court denied plaintiff's motion to appear at trial. A trial was convened by Judge Dufficy on July 31, 1992, and he dismissed plaintiff's case for failure to prosecute.

Plaintiff claimed that his case was unfairly dismissed because he was never informed of the means by which he could appear for the trial. He allegedly appealed to the Appellate Division of the Marin County Superior Court, which affirmed the judgment of the Municipal Court. Plaintiff then filed a petition for a writ of mandate in the California Court of Appeal, which was denied. The Supreme Court of California also denied review.

Plaintiff alleges here that he has been denied meaningful access to the courts by all named defendants, who are the judges and lawyers involved in his state court case. He seeks an order from this court that he be provided with a trial on his state civil complaint.

### II

■ Title 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* prior to service "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Under this standard, a district court may review the complaint and dismiss *sua sponte* those claims premised on meritless legal theories or that clearly lack any factual basis. *Denton v. Hernandez,* — U.S. —, — —, 112 S.Ct. 1728, 1730–31, 118 L.Ed.2d 340 (1992). *Pro se* pleadings must be liberally construed, however, especially where civil rights claims are involved. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).

■ To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988).

### III

■ Prisoners have a constitutional right of meaningful access to the courts premised on the due process clause. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Sands v. Lewis,* 886 F.2d 1166, 1168 (9th Cir.1989). This fundamental right of access requires prison authorities to assist inmates in preparing and filing meaningful legal papers by providing adequate law libraries or assistance from persons trained in the law. *Bounds,* 430

U.S. at 828, 97 S.Ct. at 1498; *Royse v. Superior Court of Washington,* 779 F.2d 573, 575 (9th Cir.1986). This right of access, however, does not extend past the filing of a petition or complaint, *see Nordgren v. Milliken,* 762 F.2d 851, 855 (10th Cir.) (right of access requires no more than assistance through completion of complaint for habeas or civil rights action), *cert. denied,* 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985), and does not encompass actual court proceedings or their outcomes.

 Plaintiff's allegations do not state a claim for denial of access to the courts. He does not allege inability to file a petition or complaint, but instead seeks review by this court of the dismissal of his state court civil action. However, this court does not have that power. Federal courts are without power to direct state courts or their judicial officers in the performance of their duties. *Demos v. U.S. District Court,* 925 F.2d 1160, 1161–72 (9th Cir.), *cert. denied,* 498 U.S. 1123, 111 S.Ct. 1082, 112 L.Ed.2d 1186 (1991). A petition to compel a state court to take or refrain from some action, as is the case here, is frivolous as a matter of law. *See id.; see also Clark v. Washington,* 366 F.2d 678, 681 (9th Cir.1966) (attorney contested disbarment and sought reinstatement); *Dunlap v. Corbin,* 532 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without op.,* 673 F.2d 1337 (9th Cir.1982).

 In addition, the actions of the state attorney general's office in requesting that plaintiff not be allowed to appear in court, and of the several named judges and justices in dismissing and/or affirming the decision to dismiss plaintiff's action, are all entitled to absolute immunity. *See Mireles v. Waco,* —— U.S. ——, ——, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) (judge absolutely immune from suit for actions taken in judicial capacity); *Fry v. Melaragno,* 939 F.2d 832, 837 (9th Cir.1991) (government lawyers absolutely immune for actions "intimately" or "closely" associated with judicial process). It is

therefore ordered that this action is DISMISSED.

IT IS SO ORDERED.