**David Allen MANN, Plaintiff–Appellant,**

v.

**James ADAMS, et al.,
Defendants–Appellees,**

**and**

**Bruce Babbitt, Governor of
Arizona, Defendant.**

No. 87–1925.

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 1988 *.

Decided May 18, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

David Allen Mann, in pro. per.

Evelyn R. Epstein, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Michael R. Arkfeld, Asst. U.S. Atty., Phoenix, Ariz., for defendants-appellees Thomas Lemme and John Scott.

Before GOODWIN, SCHROEDER and POOLE, Circuit Judges.

PER CURIAM:

Mann, an inmate at Arizona State Prison, appeals pro se the district court's grant of summary judgment to the state officers in this 42 U.S.C. § 1983 action. We affirm.

Mann's claims are based upon allegations that grievances at Arizona State Prison are generally handled in an untimely and inefficient manner without a procedure certified pursuant to 42 U.S.C. § 1997e; that letters to him from various public officials, the American Civil Liberties Union, and the news media were opened outside his presence; that the prison has no procedure for providing receipts for certified mail; and that Governor Babbitt endorsed the grievance procedure policy and provided insufficient funding for prison operations.

■ Although 42 U.S.C. § 1997e provides that states may voluntarily submit grievance procedures for certification, a state's failure to do so does not give the prisoner a cause of action. *See* 42 U.S.C. § 1997e(d) ("[t]he failure of a State to adopt or adhere to an administrative grievance procedure consistent with this section shall not constitute the basis for an action under section 1997a or 1997c of this title").

■ Mann next argues that mail sent to inmates from public agencies, public officials, recognized civil rights groups, and news media must be opened only in the inmate's presence. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court addressed whether prison officials could open incoming mail from attorneys in the inmate's presence. Upholding the regulation, the Court stated "[t]he possibility that contraband will be enclosed in letters, even those from apparent attorneys, surely warrants prison officials' opening the letters." *Id.* at 577, 94 S.Ct. at 2985. Regarding the inmate being present during the inspection, the Court stated "we think that petitioners, by acceding to a rule whereby the inmate is present when mail from attorneys is inspected, have done all, and perhaps even more, than the Constitution requires." *Id.*

Appellant's reliance on *Davidson v. Scully*, 694 F.2d 50 (2d Cir.1982) is misplaced. In *Scully*, the Second Circuit invalidated a prison regulation concerning *outgoing* mail, distinguishing *Wolff.* The court stat-

ed "[a]lthough the Supreme Court upheld a prison regulation authorizing the opening of *incoming* attorney mail in the prisoner's presence … (citation omitted), *outgoing* mail addressed to government agencies does not implicate the same security interests." *Id.* at 53 (emphasis in original). At issue here is incoming mail, which as acknowledged in *Scully,* does invoke security considerations.

Mann also relies upon a Fifth Circuit decision of ten years ago, *Guajardo v. Estelle,* 580 F.2d 748 (5th Cir.1978). The Fifth Circuit read *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974), as requiring unrestricted communication between the media and inmates. The court in *Guajardo* thus held that prison officials should open media mail only in the inmate's presence. *Guajardo,* 580 F.2d at 759. However, *Guajardo*'s holding was questionable at the time it was decided due to its interpretation of *Pell. Pell* involved a challenge by prison inmates to a California prison policy prohibiting face-to-face interviews between media representatives and inmates. The Court upheld the prison policy, characterizing the regulation as one restricting "one manner of communication between prison inmates and members of the general public beyond the prison walls," 417 U.S. at 823, 94 S.Ct. at 2804, but observing that alternative means of communication were available, including mail. *Pell* gives no indication that the Court was requiring prisons to inspect media mail only in the inmate's presence.

In the years following the Fifth Circuit's *Guajardo* decision, the Supreme Court has emphasized security considerations in upholding greatly restrictive regulations, even as to pretrial detainees. *See, e.g., O'Lone v. Estate of Shabazz,* — U.S. —, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (upholding prison regulation preventing Muslim prisoners from attending Jumu'ah, a weekly congregational service commanded by the Koran); *Turner v. Safley,* — U.S. —, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (upholding prison regulation barring inmates from corresponding with non-family inmates in other correctional institutions); *Block v. Rutherford,* 468 U.S. 576, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984) (upholding prison's blanket ban on contact visits even as to pretrial detainees); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (prisoners have no right of privacy in prison cells entitling them to fourth amendment protection against unreasonable searches); *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (upholding strip searches and visual inspection of body cavities of all prisoners, including pretrial detainees, having contact visits with persons outside the prison). These decisions preclude our giving any special deference to media mail in the face of prison security considerations. *See Gaines v. Lane,* 790 F.2d 1299, 1307 (7th Cir.1986) ("the first amendment requires only that media mail be treated like all other non-privileged mail").

Mann also argues that there is no prison procedure for providing receipts for certified mail. However, he gives no facts alleging any harm.

▉ Finally, Mann alleges that the district court erred in dismissing Governor Babbitt from this action for lack of personal involvement. However, *respondeat superior* does not apply in federal civil rights actions. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

AFFIRMED.