962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Howard CANELL, Plaintiff-Appellant,
v.
OREGON DEPARTMENT OF CORRECTIONS; B.E. Heath; M. McGee;
S. Fox, Mail Room Officer, Oregon Department of
Corrections, Defendants-Appellees.
 No. 91-35591.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 7, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin Howard Canell, an Oregon state prisoner, appeals pro se the dismissal of his civil rights action under 42 U.S.C. § 1983 and Oregon state law. Canell contends that his first amendment rights were violated when prison officials opened and read his incoming mail without consent or authorization. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 * Federal Claim Under 42 U.S.C. § 1983
 
 
 4
 A plaintiff bringing an action under 42 U.S.C. § 1983 must show that a person acting under color of state law subjected the plaintiff to a deprivation of constitutional rights. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984). Prison regulations limiting a prisoner's rights must be "reasonably related to legitimate penological interests." Thornburgh v. Abbott, 109 S.Ct. 1874, 1879 (1989) (quoting Turner v. Safley, 482 U.S. 78, 89 (1986)). In the interest of prison security, prison officials may open and inspect non-legal mail addressed to an inmate without the inmate's presence. See Mann v. Adams, 846 F.2d 589, 591 (9th Cir.) (mail from media not given special deference), cert. denied, 488 U.S. 898 (1988).
 
 
 5
 Here, prison officials opened and inspected Canell's incoming personal mail. Canell claims that this conduct violated Oregon's law prohibiting the willful tampering of mail by unauthorized persons. See Or.Rev.Stat. § 165.520. Canell contends that the Oregon statute created a liberty interest rooted in the United States Constitution. This contention lacks merit.
 
 
 6
 In order to sustain an action under section 1983, Canell must establish that he was deprived of a federal constitutional or statutory right. See Jones, 733 F.2d at 649. Regardless of whether the defendants actually violated Oregon's state statute, this does not in and of itself establish a constitutional violation. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991) (section 1983 redresses violation of rights protected by Constitution and rights created by federal statute). Because prison officials may open and inspect incoming mail to inmates to preserve prison security, Mann, 846 F.2d at 591, Canell's contention does not give rise to a section 1983 claim. See id.[1]
 
 II
 Oregon State Law Claim
 
 7
 The district court dismissed without prejudice Canell's pendent state claims. The exercise of pendent jurisdiction to hear state claims is within the discretion of the federal district court. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990). When federal claims are dismissed before trial, the district court may properly dismiss the pendent state claims as well. Cook, Perkiss & Liehe, 911 F.2d at 247. Thus, the district court correctly dismissed Canell's pendant state claims.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may affirm on any basis supported by the record. United States v. Harvis Constr. Co., Inc., 857 F.2d 1360, 1363 (9th Cir.1988)