988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barry W. ALLEN, Plaintiff-Appellant,
v.
James ROWLAND, Director, California Department of
Corrections, Defendant-Appellee.
 No. 91-16149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-91-00167-JPV; John P. Vukasin, Jr., District Judge, Presiding.
 N.D.Cal.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barry William Allen, a former California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate and remand for issuance and service of process.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Denton, 112 S.Ct. at 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Allen alleged that prison officials denied him the right to correspond confidentially with agents of the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco and Firearms, the California Secretary of Health and Welfare, the President and Vice-President of the California State Bar, the Director of the California State Board of Control, the Board of Corrections, the Council of Judicial Performance, Police Departments, and the Los Angeles and Del Norte County superior courts in which Allen had actions pending. Allen further alleged that his confidential mail was opened outside his presence and that prison officials refused to log his legal mail. Allen sought injunctive relief and damages.
 
 
 6
 Under the California Code of Regulations, confidential correspondence is a right guaranteed to inmates by law. Cal.Code Regs. tit. 15, § 3141(b). Persons with whom inmates may correspond confidentially include:
 
 
 7
 (1) All state and federal elected officials.
 
 
 8
 (2) All state and federal officials appointed by the governor or the President of the United States.
 
 
 9
 (3) All city, county, state and federal officials having responsibility for the inmate's present, prior or anticipated custody, parole or probation supervision.
 
 
 10
 (4) All state and federal judges and courts.
 
 
 11
 (5) An attorney at law listed with a state bar association.
 
 
 12
 ....
 
 
 13
 (7) The director, chief deputy director, deputy directors, assistant directors, executive assistant to the director, and the chief, inmate appeals, of the Department of Corrections.
 
 
 14
 Id. § 3141(c). Incoming confidential mail may be opened and inspected for contraband only in the presence of the inmate addressee. Id. § 3144. The Supreme Court has held that a regulation which requires that legal mail be opened only in the presence of the inmate does all, and perhaps more, than the Constitution requires. Wolff v. McDonnell, 418 U.S. 539, 577 (1974).
 
 
 15
 Here, Allen alleged that prison officials violated the regulations regarding confidential mail and opened his confidential mail outside of his presence. Although the constitutional status of inmates' rights regarding legal mail is not clear, this claim has an arguable basis in law. See id. (assuming without deciding that inmates have a constitutionally protected right regarding legal mail); Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir.1989) (holding that inadvertent opening of legal mail outside of inmate's presence is not actionable constitutional violation); Royse v. Superior Court, 779 F.2d 573, 575 (9th Cir.1986) (holding that inspection of inmate's mail to court in presence of inmate did not constitute unconstitutional censorship); cf. Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir.) (per curiam) (finding no constitutional violation where mail from public agencies, public officials, and news media was opened outside inmate's presence), cert. denied, 488 U.S. 898 (1988). Accordingly, we vacate and remand for issuance and service of process.[1] See Denton, 112 S.Ct. 1728, 1734; Jackson, 885 F.2d at 640.
 
 
 16
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After he filed this appeal, Allen was released from prison. His release renders his request for injunctive relief moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991). Nevertheless, Allen's action for damages may proceed. See id