990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abe WILLIAMS, Jr., Plaintiff-Appellant,
v.
ALAMEDA COUNTY SHERIFF DEPT., et al., Defendant-Appellee.
 No. 91-16316.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided March 19, 1993.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abe Williams, a California state prisoner, appeals pro se the decision of the district court granting summary judgment for the defendants, denying him leave to amend his complaint to include an additional plaintiff and awarding costs to the defendants. We affirm in part, and reverse and remand in part.
 
 
 3
 While Williams was incarcerated at the North County Jail, Deputies Kreeft and Ruiz interfered with mail addressed to Williams by confiscating a gardening magazine and the advertising inserts within another magazine. Williams filed suit against the deputies under 42 U.S.C. § 1983, claiming that they deprived him of his First and Fourteenth Amendments rights. The district court determined that the confiscation of the magazine and the inserts did not violate Williams' constitutional rights and granted summary judgment for the deputies.
 
 
 4
 * Confiscation of Mail
 
 
 5
 a. Standard of Review
 
 
 6
 A grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Findings of fact by the district court are reviewed under the clearly erroneous standard. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). This court must determine, viewing the evidence in the light most favorable to the nonmoving party, "whether there are any genuine issues of material fact for trial, and whether the district court correctly applied the relevant substantive law." Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 7
 To state a cause of action under § 1983, a plaintiff must demonstrate that defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. 42 U.S.C. § 1983; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 8
 b. Advertising Inserts
 
 
 9
 Williams contends that the confiscation of the advertising inserts violated his First Amendment right of freedom of speech and Fourteenth Amendment right of due process.
 
 
 10
 While prisoners are entitled to the protections of the Constitution, Turner v. Safley, 482 U.S. 78, 84 (1987), prison regulations may deprive prisoners of their constitutional rights where the regulation is "reasonably related to penological interests," Thornburgh v. Abbott, 490 U.S. 401, 404 (1989). The detention, inspection, and censoring of mail by prison officials in order to uncover contraband furthers a legitimate penological interest. Mann v. Adams, 846 F.2d 589, 591 (9th Cir.), cert. denied, 488 U.S. 898 (1988).
 
 
 11
 In this case, the advertising inserts were considered by prison officials to be contraband because it was the practice of inmates to order magazines or credit cards which require no prepayment and then default on payments due. The confiscation of the inserts served the legitimate penological interest of preventing harm to the public. See Turner, 482 U.S. at 89; Mann, 846 F.2d at 591. The deputies confiscated the insert pursuant to Special Order 84-5 which defined the procedure for the handling of prisoner mail. Special Order 84-5 provided for the inspection of mail and the confiscation of contraband. Therefore, because the confiscation of the inserts was not a constitutional violation, Williams was not deprived of either his First or Fourteenth Amendments rights.
 
 
 12
 c. Gardening Magazine
 
 
 13
 Williams also contends that the confiscation of the gardening magazine deprived him of his First and Fourteenth Amendment rights.
 
 
 14
 The confiscation of the gardening magazine, unlike the advertising inserts, was not in furtherance of a legitimate penological interest, because the magazine was not considered to be contraband by prison officials. Special Order 84-5, in fact, specified that magazines were to be delivered to inmates. A constitutional analysis is, therefore, required.
 
 
 15
 i. Fourteenth Amendment
 
 
 16
 The Fourteenth Amendment provides that a state may not deprive any person of property without due process of law. Due process requires that the party being deprived be given an opportunity to be heard "at a meaningful time and in a meaningful manner." Parratt v. Taylor, 451 U.S. 527, 540 (1981) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)), overruled on other grounds, 474 U.S. 327 (1986). Ordinarily, due process requires that a person must be afforded an opportunity to be heard before being deprived of his property. Board of Regents v. Roth, 408 U.S. 564, 570 n. 7 (1972). The Supreme Court, however, has held that the "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (emphasis added); see also Parratt, 451 U.S. at 541 (addressing negligent deprivation of property). Therefore, where property is wrongfully taken by the random and unauthorized actions of state employees, the state action is not complete until it "provides or refuses to provide a suitable postdeprivation remedy." Hudson, 468 U.S. at 533.
 
 
 17
 In this case, the confiscation of the gardening magazine was a random and unauthorized act. The deputies were not following established state procedure when they confiscated the magazine. They were, in fact, acting in direct violation of Special Order 84-5 which required that magazines be delivered to inmates. Furthermore, there was no indication that the wrongful deprivation of prisoners' mail was a normal or frequent occurrence which might suggest that the state could predict that the loss would occur, and thus, be expected to provide a predeprivation remedy.
 
 
 18
 Inasmuch as the confiscation of the magazine was a random and unauthorized act by a state employee, the state could still satisfy the Due Process Clause by providing Williams with a postdeprivation remedy. However, because Williams took his case directly to the federal courts without first seeking a hearing in a state forum, the state's action is not complete. Until the state "provides or refuses to provide" a meaningful postdeprivation remedy, there is no due process violation.
 
 
 19
 ii. First Amendment
 
 
 20
 As previously discussed, there was no legitimate penological reason for the confiscation of the magazine. Unlike the Fourteenth Amendment, the First Amendment protection of freedom of speech has no due process element. There are cases in which claims under the First Amendment have been held to be inseparable from associated due process claims. In Walters v. National Ass'n of Radiation Survivors, 473 U.S. 305 (1985), appellees contested a rule limiting to $10 the fee that may be paid an attorney who represents a veteran seeking benefits from the VA. They argued that the fee violated both the Due Process Clause of the Fifth Amendment and their First Amendment right to obtain legal representation. Id. at 320, 334. The Supreme Court stated that "appellees' First Amendment arguments, at base, are really inseparable from their due process claims." Id. at 335. "The thrust is that they have been denied 'meaningful access to the courts' to present their claims." Id. In other words, the two claims were inseparable because the First Amendment claim arose out of the alleged lack of due process. Id. at 335.
 
 
 21
 In the instant case, the First Amendment claim arose from the actual taking of the magazine, not from the denial of due process in connection with the taking. This is not a case, as in Walters, where the First Amendment and due process claims are inseparable. Therefore, the alleged violation of the First Amendment cannot be rectified by a meaningful postdeprivation hearing. Rather, we must analyze it independently.
 
 
 22
 The district court, in its Order Granting Defendants' Motion for Summary Judgment, stated that "a prisoner has no general right to receive mail." We disagree.
 
 
 23
 A prisoner's right to send and receive mail is protected by the First Amendment. See Thornburgh, 490 U.S. at 407. Interference with this right is permissible where the interference is reasonably related to a legitimate penological interest. Thornburgh, 490 U.S. at 413. The Supreme Court expressly held "that regulations affecting the sending of a 'publication' ... to a prisoner must be analyzed under the Turner reasonableness standard." Id.; see Turner, 482 U.S. at 89-90.
 
 
 24
 The district court also concluded that "[d]efendants' actions toward plaintiff were within the purview of Alameda County Sheriff's Department Special Order 84-5." This finding is clearly erroneous.
 
 
 25
 Special Order 84-5 has no provision concerning the confiscation of magazines, and there is no indication in the record that either magazines in general or the particular magazine "Organic Gardening" were classified as contraband. To the contrary, the order expressly includes magazines as literature that is to be delivered to inmates.
 
 
 26
 Inasmuch as neither the defendants nor the court point to any legitimate penological reason for confiscating Williams' magazine, we reverse on this ground and remand to the district court for further proceedings.
 
 II
 Discovery
 
 27
 Williams contends that the district court abused its discretion by refusing to allow Williams more time for discovery prior to granting summary judgment.
 
 
 28
 This court reviews the district court's denial of a request for additional discovery prior to a grant of summary judgment for abuse of discretion. Harris v. Duty Free Shoppers Ltd., 940 F.2d 1272, 1276 (9th Cir.1991). Before summary judgment is granted against a party, that party must have sufficient time for discovery to develop "facts essential to justify opposition" to the motion. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir.1981) (citing Fed.R.Civ.P. 56), cert. denied, 469 U.S. 1229 (1985). Under Fed.R.Civ.P. 56(f), if a party feels that additional time for discovery is required, he must file an affidavit specifying in detail what facts he believes further discovery would reveal, how such facts are necessary to defeat the motion for summary judgment and why the party cannot immediately provide those facts. Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523-24 (9th Cir.1989).
 
 
 29
 In this case, Williams stated that he needed additional time because of the failure of the North County Jail to produce all the documents requested by subpoena duces tecum. He failed, however, to state what facts he expected the missing documents to support or how those facts were necessary to defeat the summary judgment motion. Inasmuch as Williams did not satisfy the requirements of Rule 56(f), the district court did not abuse its discretion by refusing to allow additional time for discovery before granting summary judgment.
 
 III
 Leave to Amend
 
 30
 Williams contends the district court abused its discretion by refusing to allow him to amend his complaint in order to add another plaintiff.
 
 
 31
 Denial of leave to amend a complaint after a responsive pleading is served is reviewed for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). Where granting leave to amend a complaint will cause substantial prejudice to the defendant, it is within the court's discretion to deny a motion for leave to amend. Consolidated Data Terminals v. Applied Digital Data Sys., Inc., 708 F.2d 385, 396 (9th Cir.1983).
 
 
 32
 In this case, Williams sought leave to amend his complaint to include an additional plaintiff near the end of the discovery phase, more than two years after the inception of the litigation. The district court was within its discretion in finding that the addition of another plaintiff would cause substantial prejudice to the deputies.
 
 IV
 Costs
 
 33
 Finally, Williams contends that the district court abused its discretion by failing to consider his indigent status when it awarded costs to the deputies. Because we remand this case to the district court for further findings, the issue of costs is moot.
 
 
 34
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3