26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon C. CHRISTENSEN, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
 No. 93-16687.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon C. Christensen Jr., an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. Sec. 1983 action. Christensen contends that prison officials (1) violated his Eighth Amendment rights by failing to provide adequate medical treatment and adequate conditions of confinement; and (2) conspired to violate his civil rights, specifically, his right to adequate medical care, in violation of 42 U.S.C. Secs. 1985(3) and 1983. He also contends the Arizona Department of Correction's grievance procedure violates due process because it has not been approved by the federal government. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin, 974 F.2d at 1059. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 A. Medical Needs
 
 4
 To establish a violation of the Eighth Amendment, a prisoner must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059. Mere negligence related to medical treatment does not violate the Eighth Amendment, nor does a delay in performing surgery unless the delay was harmful. McGuckin, 974 F.2d at 1059, 1060. A difference of opinion over proper medical treatment does not constitute deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 5
 Christensen alleged that after he was treated at a hospital for a stroke in 1986, prison officials failed to provide physical or speech therapy and delayed in refilling his prescriptions. He also alleged that the defendants delayed in arranging surgery to remove a benign lump near his testicle.
 
 
 6
 In support of their summary judgment motion, prison officials submitted Christensen's medical records, including the hospital discharge summary, and the affidavit of Dr. Stapler, a physician employed by the Arizona Department of Corrections who reviewed those records. The records show that Christensen received physical therapy and a speech evaluation in the hospital after his stroke. The hospital discharge summary indicates that Christensen's condition was "near normal" and that he was released from the hospital in "very stable condition." The doctor who prepared the summary prescribed aspirin and Persantine, and ordered follow-up care by the prison doctor, but did not order further physical or speech therapy. Dr. Stapler stated that the follow-up care Christensen received conformed to professional medical standards. Although there were a few breaks in remedication, Dr. Stapler noted that on several occasions, Christensen had refused medication or had delayed in asking for refills.
 
 
 7
 The records also show that when a lump was found above Christensen's testicle in October 1987, Christensen was referred to a urologist, who prescribed antibiotics and anti-inflammatory medications, which Christensen received. Christensen sought medical care for this problem again in April 1989. He was examined by another urologist, and the lump was surgically removed at the Maricopa Medical Center in July 1989. Dr. Stapler stated that the treatment Christensen received for this condition met the standard of care required of health care providers.
 
 
 8
 Although Christensen alleges that his medical treatment was improper, he did not produce any evidence contradicting the defendants' showing that he received adequate medical care. Accordingly, the district court did not err by granting summary judgment on Christensen's claim of deliberate indifference to his medical needs. See McGuckin, 974 F.2d at 1059; Sanchez, 891 F.2d at 242.
 
 B. Conditions of Confinement
 
 9
 Christensen also contended that conditions of confinement in Cell-Block 2, which defendants state was built in 1930, are constitutionally inadequate. Specifically, he alleged that ventilation is poor, the prison is too hot, the toilets stink, and rats and birds sometimes get into the building.
 
 
 10
 To prevail on a claim that the conditions of confinement violate the Eighth Amendment, a prisoner must prove that prison officials deliberately failed to provide for or were deliberately indifferent to his basic needs for adequate food, clothing, shelter, sanitation, medical care, or personal safety. Wilson v. Seiter, 111 S.Ct. 2321, 2323, 2326-27 (1991).
 
 
 11
 Christensen offered no affidavit or any other evidence to support his claim of constitutionally inadequate prison conditions. In his opposition to the defendants' motion for summary judgment, he merely restated in conclusory fashion that conditions were substandard. This conclusory assertion was insufficient to raise a genuine issue on this claim. See Taylor, 880 F.2d at 1045. Accordingly, the district court properly entered summary judgment in favor of prison officials. See id. at 1043-44, 1048-49 (grant of summary judgment improper where prisoner opposed summary judgment motion by submitting his own detailed affidavit and affidavits of two inmate law clerks citing specific instances of interference with plaintiff's efforts to represent himself in his criminal trial).
 
 C. Other Claims
 
 12
 Because Christensen failed to demonstrate any constitutional violation, to allege that he is a member of a protected class, or to allege any facts to support his allegation of conspiracy, the district court properly granted summary judgment on Christensen's conspiracy claims under 42 U.S.C. Secs. 1985(3) and 1983. See McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990) (en banc) (to state claim under Sec. 1985(3) plaintiff must be member of protected class), cert. denied, 112 S.Ct. 2306 (1992); Taylor, 880 F.2d at 1046, 1048 (in Sec. 1983 action, plaintiff must show deprivation of a constitutionally protected right and personal participation in violation by official defendants; summary judgment properly granted where plaintiff failed to set forth facts showing that officials personally participated in alleged violations or conspired with private defendants). The court properly granted summary judgment as well on Christensen's claim that the Arizona state prison grievance procedures violate due process because they have not been approved by the federal government. A state's failure to obtain voluntary certification of its prison grievance procedures pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. Secs. 1997-1997j, does not give rise to a private cause of action. 42 U.S.C. Sec. 1997e; Mann v. Adams, 846 F.2d 589, 590 9th Cir.), cert. denied, 488 U.S. 898 (1988).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3