97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald W. MINIKEN, Plaintiff-Appellant,
v.
Tana WOOD, Fred Warneka, Defendants-Appellees.
 No. 95-35838.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 26, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald W. Miniken, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendants, Washington State Penitentiary ("WSP") officials, in his 42 U.S.C. § 1983 civil rights action. Miniken alleged that defendants violated his First Amendment rights to access to the courts and free speech by enforcing Department of Corrections ("DOC") policies that allow mailroom staff to inspect his legal mail, and by failing to ensure that mailroom staff adhere to any policy regarding legal mail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.
 
 A. Access to the Courts
 
 3
 Miniken contends that the district court erred by granting summary judgment for the defendants on his access to the courts claim. Miniken alleged that the treatment of his legal mail violated "all aspects" of his fundamental right of access to the courts. This contention lacks merit.
 
 
 4
 In order for Miniken to establish an access to the courts claim, he must show a specific instance in which he was actually denied access to the courts. See Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996) (requiring actual injury in access to courts cases); see also Vandelft v. Moses, 31 F.3d 794, 796-97 (9th Cir.1994), cert. denied, 116 S.Ct. 91 (1995). Because Miniken failed to establish that the defendants' actions actually hindered his efforts to pursue a legal claim, the district court properly granted summary judgment for the defendants on this claim. See Lewis, 116 S.Ct. at 2180; Vandelft, 31 F.3d at 796-97.
 
 B. Free Speech
 
 5
 Miniken also contends that the district court erred by granting summary judgment for defendants on his free speech claim. Miniken alleged that the handling of outgoing and incoming legal mail violated his fundamental right to communicate with attorneys, officials and other non-attorneys regarding legal issues. This contention lacks merit.
 
 
 6
 While prisoners have a First Amendment right to send and receive mail, see Thornburgh v. Abbott, 490 U.S. 401, 407 (1989), prison regulations may deprive prisoners of their constitutional rights where the regulation is "reasonably related to penological interests," Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam) (quoting Turner v. Safley, 482, U.S. 78, 89 (1987)).
 
 
 7
 First, Miniken contends that the policy which permits mailroom staff to read incoming mail from attorneys and official sources violates his constitutional rights. This contention lacks merit. A policy such as the one at issue here, which provides for the staff to open incoming mail from attorneys in the inmate's presence, will be upheld. See Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir.) (per curiam) (citing Wolff v. McDonnell, 418 U.S. 539, 577 (1974)), cert. denied, 488 U.S. 898 (1988).
 
 
 8
 Miniken's claim regarding incoming legal mail stamped "opened by mistake" is insufficient to implicate his constitutional rights. Miniken presented insufficient evidence to support his allegations of intentional tampering with his legal mail. Rather, defendants acknowledged that, while some legal mail may occasionally get improperly sorted with non-legal mail and opened outside the prisoner's presence, it is not read by anyone, and a report is made by mailroom staff to document every such incident. Thus, the evidence in this regard amount to negligence by the mailroom staff, which is insufficient to sustain a section 1983 claim. See Daniels v. Williams, 474 U.S. 327, 333 (1986). We note that a prisoner could establish a claim by showing a pattern of opening his legal mail by mistake, but such a pattern has not been shown here.
 
 
 9
 Next, Miniken contends that the policies which provide for the detention and inspection of outgoing legal mail by prison officials violate his constitutional rights. Prison regulations which affect outgoing mail must have a " 'closer fit between the regulation and the purpose it serves.' " Witherow, 52 F.3d at 265 (quoting Abbott, 490 U.S. at 412). Miniken's challenge to the definition of "legal mail" contained in the DOC mail policy is foreclosed by our decision in O'Keefe v. Van Boening, 82 F.3d 322, 325 (1996), where we held that WSP DOC policy 590.500, which defines "legal mail," serves legitimate penological interests. See 82 F.3d at 325. To the extent that Miniken challenges portions of related WSP DOC policy 450.100, which allows staff to read regular mail including grievance mail as part of the outgoing mail policy, this argument is also foreclosed by O'Keefe. See id. at 323-27.
 
 
 10
 Moreover, the district court properly granted summary judgment because Miniken failed to establish that defendants personally participated in the alleged constitutional violation, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989), or that defendants' failure to train mailroom staff led to the alleged deprivation of his constitutional rights, see Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1983).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L.No. 104-134, 110 Stat. 1321 (1996), to this appeal