**Donald A. MILLER, Plaintiff–Appellant,**

v.

**Gray DAVIS, as an individual, Defendant–Appellee.**

No. 06–55538.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed April 2, 2008.

Richard Hamlish, Wesklake Village, CA, for Plaintiff–Appellant.

Rene L. Lucaric, Los Angeles, CA, for Defendant–Appellee.

---

\* The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we hold that the defendants were entitled to immunity from Miller's suit, again,

Before: D.W. NELSON and REINHARDT, Circuit Judges, and OBERDORFER \*, Senior Judge.

MEMORANDUM \*\*

Donald Miller appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. We affirm the district court's dismissal of Miller's claims as to former Governor Gray Davis in a separate published opinion, filed concurrently herewith. We affirm the dismissal of the remainder of Miller's claims here.

The parole board's decision whether to refer a grant of parole to the Governor for review is a quasi-judicial function, as it relies on an interpretation of the state constitutional provision and the state statute authorizing such review. Consequently, the members of the parole board are entitled to absolute immunity for their decision. *See Anderson v. Boyd,* 714 F.2d 906, 908–09 (9th Cir.1983). Thus, the district court properly dismissed Miller's claims against them.[1]

The district court also correctly held that Miller's claims against the state agencies are barred by the Eleventh Amendment, *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997), and that states and their agencies are not "persons" within the meaning of § 1983, *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).[2] Despite Mil-

we do not reach the statute of limitations question.

2. Moreover, Miller's argument that Congress intended to abrogate Eleventh Amendment immunity via § 1983 is foreclosed by Supreme Court precedent. *See Quern v. Jordan,* 440 U.S. 332, 344–45, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

ler's fervent request, we are not permitted to overturn such clear and well-established Supreme Court precedent. *See Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989).

Finally, the district court did not abuse its discretion in denying Miller an opportunity to amend his complaint to state a claim against Governor Schwarzenegger and Warden William Duncan. A district court may deny a request to amend where amendment would be futile. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir.1991). Here, the district court explained that Miller "fails to explain how any claim could be pleaded as to these defendants, and the Court cannot conceive of any." Given that neither the Warden nor Governor Schwarzenegger was personally involved in any of the decisions to keep Miller incarcerated, and that respondeat superior liability is not permitted in § 1983 suits, *see Mann v. Adams*, 846 F.2d 589, 590 (9th Cir.1988), the district court did not abuse its discretion in concluding that amending Miller's complaint would be futile.

For the foregoing reasons, as well as those set forth in our separate published opinion, the district court's dismissal of Miller's § 1983 action is

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.