**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRELL JAMES PARKS, | No. 15-55357 |
| Plaintiff-Appellant, | D.C. No. 5:12-cv-01353-SVW-JCG |
| v. | |
| WREN, Mailroom Supervisor; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Federal prisoner Darrell James Parks appeals pro se from the district court's

judgment dismissing his action under *Bivens v. Six Unknown Named Agents of the*

*Bureau of Narcotics*, 403 U.S. 388 (1971), alleging various constitutional claims.

We have jurisdiction under 28 U.S.C. § 1291.   We review de novo.   *Resnick v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).   We affirm in part, vacate in part, and remand.

The district court properly dismissed Parks' claims against defendants Brody, Rene Galaz, Julie Galaz, Smith, Kwan, Scearce, Casey, Gonzalez, Palos, Martinez, James, and Hamilton, because Parks failed to allege any specific wrongdoing by these defendants.   *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

The district court properly dismissed Parks' access-to-courts claim against defendant Villegas because the dismissal of Parks' civil actions was not caused by Villegas' alleged conduct.   *See Lewis v. Casey*, 518 U.S. 343, 348-54 (1996) (access-to-courts claim requires showing that the defendant's conduct caused actual injury to a non-frivolous legal claim).

The district court properly dismissed Parks' claims against defendants Miller and Schouten because mail from the courts and the United States Parole Commission is not legal mail.   *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (mail from courts not legal mail); *Mann v. Adams*, 846 F.2d 589, 590 (9th Cir. 1988) (mail from public agencies not legal mail).

The district court properly dismissed Parks' claim alleging that defendants

violated his constitutional rights in the processing and handling of Parks' prison grievances because prisoners do not have "a constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court did not abuse its discretion in dismissing Parks' complaint without leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (setting forth standard of review); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (district court may deny leave to amend where amendment would be futile).

However, the district court failed to address Parks' First Amendment retaliation claim. Parks alleged that defendant Villegas searched his cell, destroyed his property, and left his cell in "total discombobulation" in retaliation for Parks' filing of a grievance against Villegas. These allegations are sufficient to state a retaliation claim under the First Amendment. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (listing elements of retaliation claim in the prison context).

Parks has waived any claims of error relating to the dismissal of his initial complaint because it was dismissed with leave to amend, and Parks subsequently filed an amended complaint. *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14, 974 n.15 (9th Cir. 2013) (failure to replead claims after

dismissal with leave to amend amounts to waiver). To the extent that Parks argues that the district court erred by dismissing with leave to amend claims that he repled in his amended complaint, any such error was harmless.

We do not address Parks' contention regarding appointment of counsel because Parks failed to raise this issue before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

In sum, we affirm the dismissal of Parks' claims to the extent that the district court addressed them, but we vacate in part and remand for further proceedings on Parks' retaliation claim.

**AFFIRMED in part, VACATED in part, and REMANDED.**