### UNITED STATES of America, Plaintiff–Appellee,

v.

### Stacy Edward LUCAS, Defendant–Appellant.

### No. 88–1049.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 1989.*

Decided May 2, 1989.

George R. Roylston, Roylston & Roylston, Tucson, Ariz., for defendant-appellant.

Jan E. Kearney, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before CHOY, WALLACE and WIGGINS, Circuit Judges.

PER CURIAM:

Lucas appeals from a conviction of escaping from a federal correctional institution located in Tucson, Arizona, in violation of 18 U.S.C. § 751 (1982). We have jurisdiction pursuant to 28 U.S.C. § 1291 (1982). Lucas claims on appeal that he was denied his sixth amendment right to the effective

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

assistance of counsel due to his pretrial detention in a facility located in Phoenix, approximately 120 miles away from his court-appointed counsel in Tuscon. We review this claim de novo. *See Weygandt v. Ducharme,* 774 F.2d 1491, 1492–93 (9th Cir.1985).

■ Ordinarily an ineffective assistance of counsel claim requires that the aggrieved party show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). But the " '[a]ctual or constructive denial of the assistance of counsel altogether' is not subject to the kind of prejudice analysis that is appropriate in determining whether the quality of a lawyer's performance itself has been constitutionally ineffective." *Perry v. Leeke,* —— U.S. ——, 109 S.Ct. 594, 600, 102 L.Ed.2d 624 (1989) (quoting *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067). In these limited circumstances "a showing of prejudice is not an essential component of a violation" of a "criminal defendant's constitutional right to be represented by counsel." *Id.* 109 S.Ct. at 599 (footnote omitted). Here, Lucas argues that the 120 miles between Phoenix and Tucson "effectively" prevented all communication with his counsel, thereby actually or constructively denying him the assistance of counsel altogether. He thus asserts that he was denied his fundamental right to be represented by counsel and need not establish prejudice to prove as much. We disagree.

Unlike the circumstances involved in the cases that he cites, *e.g., Geders v. United States,* 425 U.S. 80, 91, 96 S.Ct. 1330, 1336–37, 47 L.Ed.2d 592 (1976) (violation of sixth amendment to prevent defendant from consulting with his attorney during a 17–hour overnight recess during trial), Lucas's pretrial detention in a facility located two hours distant from the place of his trial did not prevent *all* communications between client and counsel. Lucas and his counsel were free to communicate by telephone; alternatively, Lucas's counsel could easily endure the inconvenience of a two-hour drive to Phoenix. And in any event, Lucas communicated freely with his counsel following a day of pretrial motions held in Tucson. We thus believe that his detention in the facility located in Phoenix rather than the one in Tucson did not amount to the actual or constructive denial of the assistance of counsel for which a showing of prejudice is not required. *See Perry,* 109 S.Ct. at 600.

■ Lucas has not seriously attempted to make a showing of prejudice, nor can he. Counsel was appointed for him on October 27, 1987. Trial was not held until December 15, 1987, so there was ample time for communication between Lucas and his counsel. Further, Lucas does not allege what purpose additional consultation beyond the opportunity in Tucson would have served. *See Chavez v. Pulley,* 623 F.Supp. 672, 685 (E.D.Cal.1985) ("brevity of consultation time between a defendant and his counsel alone cannot support a claim of ineffective assistance of counsel," especially where he "fails to allege what purpose further consultation with his attorney would have served and fails to demonstrate how further consultation with his attorney would have produced a different result"); *accord Murray v. Maggio,* 736 F.2d 279, 282–83 (5th Cir.1984). Even if additional consultation was needed, Lucas has not shown how the distance between Phoenix and Tucson prevented it or how it impaired the quality of his representation. *Cf. Caldwell v. United States,* 651 F.2d 429, 433 n. 5 (6th Cir.) ("counsel for petitioner never explains how the geographic distance between the petitioner and his counsel either impaired the quality of representation below or resulted in an unfair trial"), *cert. denied,* 454 U.S. 904, 102 S.Ct. 412, 70 L.Ed.2d 222 (1981); *United States v. Kirk,* 534 F.2d 1262, 1281 (8th Cir.1976) (confining defendants during trial did not deny them the effective assistance of counsel because "they cite no specific instances of prejudice except for the inconvenience caused their attorneys of traveling thirty or so miles to communicate with their client"), *cert. denied,* 430 U.S. 906, 97 S.Ct. 1174, 51 L.Ed.2d 581 (1978); *Rees v. Peyton,* 341 F.2d 859, 864 (4th Cir.1965) (al-

though confined during trial at a penitentiary instead of a much closer county jail, defendant was not prejudiced because he "was made readily and conveniently accessible to his counsel at the trial courthouse, and elsewhere, at all reasonable times"). Lucas simply has not met his burden of proving that his detention in Phoenix prejudiced his defense.

In sum, Lucas was not actually or constructively denied all access to counsel, nor was he prejudiced by the burden placed on his counsel in traveling from Tucson to Phoenix for additional consultation. Accordingly, his conviction is

AFFIRMED.