892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley GROCHOWSKI, Petitioner-Appellant,
v.
Hoyt C. CUPP, Respondent-Appellee.
 No. 88-4312.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1989.
Decided Dec. 12, 1989.
 
 Before PREGERSON, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stanley Grochowski appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition, in which he alleged ineffective assistance of trial counsel. We find that, even if we assume counsel's incompetence, Grochowski has not demonstrated prejudice sufficient to meet the rigorous standards of Strickland v. Washington, 466 U.S. 668 (1983).
 
 
 3
 First, we conclude that, with two exceptions,[1] the issues raised by Grochowski in federal court were properly presented to the state courts through his petitions for post conviction relief, the parties' briefs, and the proffered depositions. We thus proceed to the merits of Grochowski's claim.
 
 
 4
 Under Strickland, a petitioner must demonstrate that the lawyer's performance was deficient and that this performance prejudiced petitioner's defense. The prejudice prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687. To resolve the key question of "whether ... absent the errors, the factfinder would have had a reasonable doubt respecting guilt," the court must consider the totality of the evidence before the judge or jury. Id. at 695; see also LePage v. Idaho, 851 F.2d 251, 257 (9th Cir.), cert. denied, 109 S.Ct. 506 (1988). If a defendant fails to show sufficient prejudice, the court need not consider the performance component of the test. Id. at 697; LePage, 851 F.2d at 257.
 
 
 5
 Grochowski raised the following issues before the district court.[2]
 
 
 6
 1. Grochowski alleges that counsel's failure to subpoena and investigate the potential testimony of Mary Grochowski constituted ineffective assistance because she could have testified about when Grochowski departed from and returned to her home. As both the magistrate and the district court noted, however, she could state neither the time petitioner left her house nor the time he returned with any degree of accuracy. Moreover, her testimony would not have shed light on where Grochowski was nor on what he was doing during the intervening period.
 
 
 7
 2. Grochowski makes a similar claim regarding counsel's failure to procure the testimony of Tony Franske, who assertedly would have testified that he had driven Grochowski to the tavern where Grochowski says he met the victim. Since Franske never claimed to have entered the tavern, his testimony could not have shown that Grochowski met the victim there. Moreover, Franske subsequently testified that he drove Grochowski on a Friday night, whereas the rape occurred on a Wednesday.[3]
 
 
 8
 3. Grochowski next cites Howlett's failure to object to and make a record of the judge's handling questions from the jury. As the magistrate noted, however, Grochowski has failed to demonstrate that the trial judge "did anything other than ignore" the jury's questions until after the verdict was rendered.
 
 
 9
 4. Grochowski also contends that counsel's failure to subpoena a police officer and review police reports on the issue of forced entry constituted ineffective assistance. Although the report of the officer who first arrived at the victim's house does note that the back door was locked (in contrast to the victim's testimony that there was a hole in the screen and that the assailant had hit glass and "pulled the door right off the frame"), the prosecution had other evidence to counter this report. The officer himself noted that his primary duty was to aid the victim rather than perform investigative duties. Moreover, his testimony would have bolstered some parts of the prosecution's case by corroborating the victim's testimony about her physical injuries. The jury also heard evidence that different officers subsequently repaired the victim's back door.
 
 
 10
 5. Grochowski next cites counsel's failure to question and subpoena medical witnesses who examined the victim and to introduce evidence on the extent of the victim's injuries. A medical report showed that the victim had bruises on her arms, wrists, and ankle, but did not indicate any facial injuries, thus calling into question the victim's claim that Grochowski broke her nose. The jury heard the victim explain, however, that she was in such shock that she did not realize her nose was broken until four days later. Moreover, Grochowski's counsel specifically pointed out this time lag to the jury. On balance, any benefit to Grochowski from the medical evidence might well have been offset by its affirmation of the victim's other injuries.
 
 
 11
 6. Grochowski alleges that counsel failed to prepare him for testifying. He has not demonstrated, however, how additional consultation with counsel would have aided his case. Our finding of no prejudice from this asserted error comports with the decision in United States v. Lucas, 873 F.2d 1279, 1280 (9th Cir.1980), where the court reached a similar conclusion based in part on the petitioner's failure to allege what purpose additional consultation with attorney would have served.
 
 
 12
 7. Grochowski also cites counsel's failure to request a cautionary instruction regarding the prosecution's use of Grochowski's prior convictions as ineffective assistance. As the district court noted, the prior convictions were admissible for impeachment purposes, and Grochowski has not shown that a cautionary instruction could have contributed to a different outcome at trial.
 
 
 13
 8. Grochowski alleges that counsel forsook his role as advocate and prejudged his client. While counsel's views regarding his client's story are clear, he nevertheless argued Grochowski's story to the jury, elicited testimony, and cross-examined adverse witnesses. Such actions effectively counter Grochowski's claim. The other asserted examples of counsel's forsaking his role as advocate have been addressed above.
 
 
 14
 9. Finally, Grochowski claims he was denied effective assistance because counsel was intoxicated at trial. As the district noted, however, the trial transcript reveals no signs of confusion, incoherence or other indicia of counsel's intoxication, and Grochowski has not presented any other evidence of how counsel's performance at trial was impaired by alcohol.
 
 
 15
 In summary, we cannot conclude that counsel's errors were so serious as to call into question the reliability of the trial's outcome. Testimony from Mary Grochowski and Tony Franske would have been of dubious value to his case; testimony from the medical and police witnesses may have even harmed it. Grochowski has not shown how he was harmed by counsel's intoxication or prejudgment of his case. While counsel's failure to prepare Grochowski for testifying, to request a cautionary instruction, and to protest the judge's handling of jury questions may have harmed Grochowski's defense, it is clear that even in conjunction with the other asserted errors, they do not render the trial's outcome suspect. In light of the overwhelming evidence of guilt presented by the prosecution, we conclude that Grochowski has not demonstrated that the outcome of his case would have been different absent counsel's asserted errors. He has thus failed to make the showing of prejudice required by Strickland and the district court's dismissal of his habeas corpus petition must be
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 See note 2 infra
 
 
 [2]
 We decline to consider Grochowski's claims regarding counsel's failure to investigate at the Rimrock Tavern and his waiver of a twelve person jury, as these issues were raised for the first time before this court
 
 
 [3]
 Our finding that Grochowski was not prejudiced by counsel's failure to procure testimony from Mary Grochowski and Tony Franske necessitates a finding that petitioner was not prejudiced by counsel's failure to seek a continuance for the purpose of procuring such testimony