17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David E. JIROVEC, Plaintiff-Appellant,
v.
James BLODGETT, Superintendent, et al., Defendants-Appellees.
 No. 93-35108.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Jirovec, a Washington state prisoner, appeals pro se the district court's order granting summary judgment to the defendants, various Washington State Penitentiary (WSP) corrections officials, in Jirovec's 42 U.S.C. Sec. 1983 action. We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 The party moving for summary judgment "bears the initial responsibility for informing the district court of the basis for its motion...." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 5
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, appellant [ ] must present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial. [He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (citation and quotations omitted).[1]
 
 
 6
 Jirovec contends that he lost his assignment at the prison hospital as an inmate janitor because of racial discrimination. Jirovec is white; defendants Sutton and Abercrombie are black. Jirovec's contention lacks merit.
 
 
 7
 The constitution does not create a liberty or property interest in prison employment. See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986) (per curiam). However, prisoners are protected under the Equal Protection Clause against invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1968).
 
 
 8
 Here, there is no evidence that the defendants' actions were racially motivated. Defendant Abercrombie filed an affidavit stating that she filed a report involving Jirovec which led to his dismissal. Specifically, she reported that Jirovec was observed passing medication to an employee against institutional policy, and that he intended to put a letter in the prison bulletin indicating that he was assisting staff in the counseling of mental health patients.[2] These statements are uncontroverted. Jirovec admitted in his deposition that he handed medication to a patient. Jirovec states that Sutton made a statement to a correctional officer to the effect that all whites look alike; however, this statement is unsubstantiated. He also states that two black inmates were offered janitorial jobs after he was fired. These allegations, even if true, do not show that Jirovec was the victim of racial discrimination. Because there is no significant probative evidence that Jirovec lost his job as a result of racial discrimination, summary judgment in favor of the defendants on this claim was proper. See Smolen, 921 F.2d at 963.
 
 
 9
 Jirovec contends that the defendants retaliated against him when he filed a grievance regarding the loss of his prison assignment, in violation of his constitutional rights. Specifically, Jirovec contends that the defendants searched his cell in retaliation for filing the grievance. This contention lacks merit.
 
 
 10
 This circuit recognizes a first amendment interest of inmates to be free from retaliation for legal activities. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir.1985). Bare allegations of retaliation will not survive a summary judgment. See id. at 532 n. 4. An inmate must create a genuine issue of material fact for his claim to survive. See Oltarzewski v. Ruggiero, 830 F.2d 136, 138-39 (9th Cir.1987).
 
 
 11
 The record shows that Jirovec's cell was searched twice after he was dismissed from his hospital assignment. Defendant Sutton has filed an affidavit stating that Jirovec had prepared tapes of three-way telephone conversations between himself, his wife and a WSP mental health employee which compromised the security of the hospital, and contained confidential information about the mental health patient Jirovec had been observed handing medication. During the cell searches, one such tape was confiscated.[3] As the district court found, Jirovec's other allegations of retaliation are unsubstantiated. Jirovec's bare allegations of retaliation cannot withstand summary judgment. See Rizzo, 778 F.2d at 532 n. 4.
 
 
 12
 Jirovec next contends that his legal mail was opened without his presence in violation of his constitutional rights. This contention lacks merit.
 
 
 13
 The Supreme Court has held that a regulation that requires that legal mail be opened only in the presence of the inmate does all, and perhaps more, than the constitution requires. Wolff, 418 U.S. at 577. Nonetheless, this circuit has not explicitly held that the opening of legal mail mandates the inmate's presence. See Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir.1981). Further, this court has held that mere inadvertent or negligent conduct will not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir.1989).
 
 
 14
 Here, the defendants state that they received a package with a letter attached to it; that the letter was marked "legal mail," and the strapping tape on the box was also marked "legal mail." Jirovec states that the package was clearly marked "legal mail." The defendants admit that the letter was opened in Jirovec's presence, but the package was not. The package contained legal forms which were given to Jirovec. Apparently, the package was not treated as legal mail, but the letter was. The defendants admit that the package probably should have been opened in Jirovec's presence, and thus they presumably admit to an error. Nonetheless, given the limited protection afforded to a prisoner's legal mail, this single incident does not rise to the level of a constitutional violation. See Wolff, 418 U.S. at 577; cf. Koskey, 877 F.2d at 1441 (holding that inadvertent opening of legal mail outside an inmate's presence, while not to be condoned, is not actionable as a constitutional violation).[4]
 
 
 15
 With respect to his regular mail, Jirovec also states in his complaint that "on or about June 1991 ... Defendant Roop, mail room staff and other diverse persons yet unknown to the plaintiff combined confederated and conspired with others [to] reject plaintiff's mail indiscriminately, and violated plaintiff's constitutional rights." First, defendant Roop was previously dismissed from this action because she was not employed at the time of the alleged incidents; she is not a proper defendant in this action.[5] Second, other than Jirovec's allegations in his pleadings, there is no evidence in the record that the defendants conspired to reject Jirovec's regular mail. Jirovec cannot rest on the allegations in his pleadings to overcome a motion for summary judgment. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 898 (9th Cir.1987), cert. denied, 487 U.S. 1234 (1988). He presented no further evidence to substantiate his claim. Thus, Jirovec failed to offer significant probative evidence of specific facts to be resolved at trial. See Celotex, 477 U.S. at 324. Accordingly, the district court did not err in granting summary judgment to the defendants on this claim. See id.
 
 
 16
 Jirovec contends that his right to counsel was violated when he was required to call his attorney using a monitored phone. This contention lacks merit.
 
 
 17
 The government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense. Perry v. Leeke, 488 U.S. 272, 280 (1989). A prisoner who has not been completely denied access to his attorney must present facts showing that he has been prejudiced. See United States v. Lucas, 873 F.2d 1279, 1281 (9th Cir.1989).
 
 
 18
 There is no evidence in the record that Jirovec was forced or required to make monitored calls to his attorney. Instead, the record shows that it was WSP policy to monitor outgoing calls made by prisoners, unless the prisoner requested in writing to make an unmonitored call to his attorney. Jirovec admitted in a deposition that he was aware of this policy. The monitored phones were clearly designated as such with large signs in Spanish and English. The record shows that Jirovec consented to using the monitored phones, and that he was able to place unmonitored calls on a number of occasions. Thus, he was not completely denied access to his attorney. Moreover, Jirovec has shown no prejudice as a result of making the monitored calls. Accordingly, the district court did not err by granting summary judgment to the defendants on this claim. See id. at 1281.
 
 
 19
 In his opening brief, Jirovec lists as an issue that his religious freedom was impaired. Jirovec provides no argument or facts to show how his religious freedom was impaired. The district court dismissed this claim in its order of March 17, 1992, after Jirovec had been allowed to amend his complaint. As the district court found, Jirovec did not allege that he was prevented from practicing his religion, but merely that the defendants denied him religious material (tapes and mail). Prisons need only provide inmates with a "reasonable opportunity" to worship in accord with their conscience. Johnson v. Moore, 948 F.2d 517, 520 (9th Cir.1991) (quotations omitted). Because Jirovec has not stated sufficient facts to show that he was not given a reasonable opportunity to worship in accord with his faith, the district court correctly dismissed this claim. See id.
 
 
 20
 To the extent that Jirovec contends that he was deprived of his property (tapes and mail) without due process of law, his contention similarly lacks merit.
 
 
 21
 Intentional deprivations of property by state employees do not violate the due process clause if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 22
 The district court also dismissed this claim in its order dated March 17, 1992. The district court did not err in dismissing this claim because there are adequate postdeprivation remedies available to Jirovec in the form of prison grievance procedures and state tort remedies. See Hudson, 468 U.S. at 533; see also, Wash.Rev.Code Sec. 4.92 (actions and claims against state).
 
 
 23
 Finally Jirovec contends that his medical needs were ignored. To the extent that Jirovec contends that the defendants were deliberately indifferent to his serious medical needs, his contention lacks merit.
 
 
 24
 The eighth amendment proscription against cruel and unusual punishment prohibits prison officials form deliberately ignoring a prisoner's serious medical needs. The plaintiff must show that the alleged misconduct constituted unnecessary and wanton infliction of pain. See Anthony v. Dowdle, 853 F.2d 741, 742 (9th Cir.1988). Mere indifference, medical malpractice, or negligence will not support a cause of action under the eighth amendment. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 25
 As the district court found in its March 17, 1992 order, Jirovec has not alleged sufficient facts to state a claim for deliberate indifference. In his second amended complaint, Jirovec argued that the defendants were deliberately indifferent to his medical needs because they did not authorize his transfer to a medium security unit. Jirovec was placed in a close custody security classification category because he was convicted of aggravated first degree murder. The defendants' refusal to change Jirovec's custody classification does not constitute unnecessary and wanton infliction of pain. See Dowdle, 853 F.2d at 742. Further, Jirovec has no constitutional right to a particular custody classification, Moody v. Daggett, 429 U.S. 78, 87 n. 9 (1976), or to be housed at a particular institution, Meachum v. Fano, 427 U.S. 215, 224 (1976).
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants argue that this appeal should be dismissed because Jirovec has not filed a brief that complies with Fed.R.App.P. 28. We disagree. Jirovec filed the informal brief provided to pro se petitioners by this court. Although the informal brief provides little guidance by way of authority or specific facts, he has complied, at least minimally, with this court's requirements. We will liberally construe his pro se pleadings. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987)
 
 
 [2]
 It is contrary to WSP Hospital policy for an inmate to perform direct patient care, or to handle or have access to medication
 
 
 [3]
 Although Jirovec states that he was strip searched during one of the cell searches, the record is vague on this point. One affiant, defendant Wordlaw, states that he was not involved in any cell or strip searches of Jirovec. Defendants Sutton and Strang do not mention any strip search in their affidavits
 
 
 [4]
 The defendants have also stated in an affidavit that another package was received damaged and open; however, the box, marked "legal mail" was forwarded to Jirovec in the same condition it was received. The affidavit is uncontroverted
 
 
 [5]
 Roop filed an affidavit stating that she terminated her employment in the mail room in February 1991. Accordingly, the district court dismissed her as a defendant