UNITED STATES of America,
Plaintiff–Appellee,

v.

Mitchell James CHANDLER,
Defendant–Appellant.

No. 07–30495.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009 *.

Filed March 6, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ryan M. Archer, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jay F. Lansing, Esq., Moses & Lansing, PC, Billings, MT, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Mitchell James Chandler appeals from his jury-trial conviction for attempted escape in violation of 18 U.S.C. § 751(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying two of Chandler's motions to continue the jury trial, and granting only a one-day continuance in response to a third motion to continue, because: (1) extensive face-to-face contact between Chandler and defense counsel was not necessary to prepare for trial and counsel could have consulted with Chandler by other means, including by telephone; (2) there was time for face-to-face contact between Chandler and defense counsel once Chandler arrived in Billings, Montana, which was not utilized by Chandler, showing a lack of diligence in preparing a defense; (3) the charge of attempted escape was relatively straightforward and Chandler's suicide defense to that charge had previously been discussed at length before the district court and was well documented by the parties; (4) the court previously granted Chandler a continuance of two months; and (5) the continuances requested and denied would have put a strain on the court's schedule and docket. *See United States v. Mejia*, 69 F.3d 309, 314–15 (9th Cir.1995); *see also United States v. Lucas*, 873 F.2d 1279, 1280 (9th Cir.1989) (per curiam) (noting that a defendant's right to assistance of counsel is not denied where counsel and defendant are located in

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

different places and communication by phone is possible).

Moreover, Chandler has not shown that he suffered prejudice as a result of the denial of his motions to continue, particularly in light of (1) the overwhelming evidence of guilt at trial—including the timing of his attempted escape and witness testimony—and (2) his inability to articulate how a continuance would have affected his trial or his ability to present his case to a jury. *See United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000); *Mejia*, 69 F.3d at 317.

Chandler did not seek a continuance on the ground that he needed more time to procure psychiatric evidence, and therefore this case is distinguishable from *United States v. Flynt*, 756 F.2d 1352, 1361 (9th Cir.1985).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.