NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10054 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:11-cr-00216-MCE-1 |
| DESHAWN ARLANDIS RAY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,**
District Judge.

Deshawn Ray appeals his conviction and sentence for conspiracy to commit

bank fraud under 18 U.S.C. §§ 1344 and 1349, bank fraud under 18 U.S.C. § 1344,

and aggravated identity theft under 18 U.S.C. § 1028A(a)(1).

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

**1.** The district court properly denied Ray's motion for a new trial under Federal Rule of Criminal Procedure 33, which argued that his trial counsel, Julius Engel, provided constitutionally ineffective assistance. "[I]neffective assistance of counsel claims … are 'generally inappropriate on direct appeal' and should be raised instead in habeas corpus proceedings." *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013) (quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)). An exception provides that we may consider such claims so long as "the record is 'sufficiently developed to permit review and determination of the issue.'" *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060 (9th Cir. 2000) (quoting *Ross*, 206 F.3d at 900). Because the parties fully briefed below the same two issues Ray raises on appeal, and given that we have the benefit of the affidavits that Ray and Engel submitted below, that standard is met here. Our review is *de novo*. *See Rivera-Sanchez*, 222 F.3d at 1060.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant pressing an ineffective assistance claim "must show that: '(1) his attorney's performance was unreasonable under prevailing professional standards; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different.'" *Rivera-Sanchez*, 222 F.3d at 1060 (quoting *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994)).

Ray first contends that Engel was ineffective in failing to oppose the

16-10054

admission of testimony from Ray's former girlfriend, Debbrah Easterwood, that she and Ray had engaged in check and credit card fraud before the events for which he was charged and convicted. The district court admitted the testimony under Federal Rule of Evidence 404(b), which permits "[e]vidence of a crime, wrong, or other act" for non-propensity purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Under *United States v. Hardrick*, 766 F.3d 1051 (9th Cir. 2014), "[t]he proponent of [Rule] 404(b) evidence must show that the evidence '(1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time.'" *Id*. at 1055 (quoting *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004)). Ray argued below that Engel should have objected to the Government's notice of Easterwood's testimony under *Hardrick*'s fourth prong. As the district court held, however, it is clear from Easterwood's trial testimony that her and Ray's earlier conduct was sufficiently recent to be admissible.

Ray does not challenge the district court's finding that the Government turned over discovery regarding Easterwood's anticipated Rule 404(b) testimony more than a year before trial, nor that the discovery revealed that her testimony

would concern "the period of time while [she] and the defendant were dating, or from 2006 to 2008." Given that the charged conspiracy ran from March 2008 through July 2010, and concerned financial fraud, Easterwood's testimony about Ray's participation in the previous financial fraud would have satisfied *Hardrick*'s fourth prong, and thus would have been admitted under Rule 404(b) even had Engel objected. *See Ramirez-Robles*, 386 F.3d at 1243 (holding under Rule 404(b) that evidence of the defendant's prior conduct was not "too remote" because it occurred three or four years before "the charged conduct"); *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (admitting Rule 404(b) evidence despite the "thirteen or more years that had elapsed since the events about which the witnesses testified" because "[t]he prior act evidence in this case is sufficiently similar to the charged conduct to render it probative despite the passage of time"). Accordingly, because any objection to the remoteness in time of the proposed Rule 404(b) evidence would have been futile, Ray cannot show prejudice under *Strickland*.

Ray next contends that Engel was ineffective in failing to prepare him to testify at trial. As he did below, Ray asserts that Engel "never met with him outside the courthouse" and that all their meetings "occurred immediately before or after a court appearance and … either in the courthouse hallway or … the courthouse cafeteria." Ray asks us to take judicial notice of the fact that Engel has

been found culpable in two California disciplinary proceedings.[1]  And Ray contends that at least one of those proceedings had been initiated at the time of Ray's trial, and so might have preoccupied Engel when he was representing Ray.

Regardless of whether Engel's efforts in preparing Ray for trial were deficient under *Strickland*, *see Correll v. Ryan*, 539 F.3d 938, 943 (9th Cir. 2008) (requiring "adequate consultation between attorney and client" (alteration and internal quotation marks omitted)), Ray cannot satisfy *Strickland*'s prejudice prong.  *See Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed." (alteration in original) (quoting *Strickland*, 466 U.S. at 697)).  As the district court held, there was "ample evidence … to convict" Ray, regardless of whether he had chosen not to testify or had testified differently.  The scheme as charged involved fraudulently obtaining identifying information for wealthy bank account holders and then linking their accounts to others opened by "runners"; once the accounts were linked, the runners would withdraw money, keeping a small portion for themselves.  At least four of the scheme's participants testified that Ray was responsible for recruiting runners and directing their activities; a federal agent and a Wells Fargo investigator traced money from the scheme to Ray's personal account; and at least one victim testified

---

[1] That request for judicial notice is **GRANTED**.  Fed. R. Evid. 201.

that, unbeknownst to him, he had held a joint account with Ray from which over $135,000 had been withdrawn.

Ray does not identify what else he could have said at trial to counter what the district court rightly described as an "overwhelming" array of evidence. Nor does Ray explain how his silence at trial would have created a reasonable probability of a different outcome. The district court thus did not err in rejecting Ray's ineffective assistance claim as it pertained to trial preparation. *See Anderson v. Calderon*, 232 F.3d 1053, 1086 (9th Cir. 2000) (holding that there was no *Strickland* prejudice where the defendant "fail[ed] to identify any specific way in which his decisions or defense would have differed had [his lawyer] met personally with him in jail prior to trial instead of in court"), *overruled on other grounds by Osband v. Woodford*, 290 F.3d 1036, 1043 (9th Cir. 2002); *United States v. Lucas*, 873 F.2d 1279, 1280 (9th Cir. 1989) (per curiam) (holding that there was no *Strickland* prejudice where the defendant "[did] not allege what purpose additional consultation … would have served").[2]

**2.** We reject Ray's contention that the district court violated Criminal Rule 32(i)(3)(B) by failing to give proper consideration to his objections to the

---

[2] We express no opinion as to whether Ray may bring additional challenges to Engel's performance on collateral review under 18 U.S.C. § 2255, including as to the effect (if any) of his decision to testify, or his preparedness to do so, on his sentence.

16-10054

presentence investigation report ("PSR"). Our review of this issue is *de novo*. *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008).

Rule 32(i)(3)(B) provides: "At sentencing, the court … must—*for any disputed portion of the presentence report or other controverted matter*—rule on the dispute or determine that a ruling is unnecessary … ." Fed. R. Crim. P. 32(i)(3)(B) (emphasis added). "Only specific factual objections trigger [the rule]." *Stoterau*, 524 F.3d at 1011; *see also United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013) (same); *United States v. Petri*, 731 F.3d 833, 841-42 (9th Cir. 2013) (same). Here, Ray objected not to any of the *facts* set forth in the PSR, but only to the *legal conclusions* the district court drew from those facts. Accordingly, before adopting the PSR's statements of fact, it was appropriate for the district court simply to note that Ray had made objections to the PSR. *See Christensen*, 732 F.3d at 1102 ("Because Christensen never made specific factual objections to the PSR regarding victim impact and loss amounts, Rule 32 was never triggered."); *Petri*, 731 F.3d at 841 ("Petri objected specifically to the probation officer's recommendation against a minor role reduction; he raised these assertions in support of that objection. But he did not allege a factual inaccuracy in the presentence report. The district court therefore had no responsibility to rule on [his objections]."); *Stoterau*, 524 F.3d at 1012 (holding that, because the defendant did not raise "a specific factual dispute about issues affecting the temporal term of

sentence," and instead presented "a general evidentiary legal challenge to the inclusion of information in the PSR drawn from sources other than the plea agreement[,] … the district court did not violate Rule 32(i)(3)(B) by not ruling on [the defendant's] objection").

**3.**     We reject Ray's contention that the district court erred in applying a four-level enhancement under § 3B1.1(a) of the Sentencing Guidelines when calculating his advisory Guidelines range.  Our review is for abuse of discretion.  *See United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018).

Section 3B1.1(a) provides that a defendant will receive a four-level sentencing enhancement "[i]f [he] was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1(a).  Ray contends that he could not have been an "organizer or leader" of the charged scheme because his co-defendant, Reginald Thomas, ran it.  Ray is mistaken.  Application Note 4 to § 3B1.1 makes clear that "[t]here can … be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."  U.S.S.G. § 3B1.1 cmt. n. 4.  And we have previously held that, if the record permits, a district court may apply the four-level leadership enhancement to multiple defendants within the same conspiracy.  *See United States v. Rivera*, 527 F.3d 891, 910 (9th Cir. 2008) ("[T]he fact that Rigoberto may have been more responsible for day-to-day

16-10054

operations than Gilberto does not mean that Rigoberto was not also a leader or organizer."); *United States v. Ponce*, 51 F.3d 820, 825-27 (9th Cir. 1995) (per curiam) (upholding application of the enhancement even though the defendant's father-in-law was the "patriarch of the family smuggling business and oversaw its general operation").

The Application Note sets forth several criteria to guide analysis of the enhancement, including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4; *see United States v. Allen*, 341 F.3d 870, 892-93 (9th Cir. 2003) (listing and applying the factors). The record reflects that Thomas and Ray exercised joint decision-making authority over the scheme, with Ray taking primary responsibility for recruiting and managing runners and coordinating cash withdrawals, and that the two men divided much of the scheme's proceeds equally between themselves, with accomplices receiving substantially smaller payouts. The district court therefore was amply justified in applying the four-level leadership enhancement to Ray. *See United States v. Armstead*, 552 F.3d 769, 777 n.8 (9th Cir. 2008) ("Given the prodigious evidence presented at trial detailing Armstead's role in the

conspiracy, and particularly the testimony from co-conspirators that Armstead recruited them, directed their actions, and collected fifty percent of their proceeds, we cannot say that the district court abused its discretion when applying the four-level enhancement for Armstead's role in the conspiracy."); *Allen*, 341 F.3d at 893 (same, noting "the plethora of evidence that [the defendants receiving the enhancement] were the leaders of the [conspiracy] and encouraged … members to engage in racially and religiously-motivated crimes").

**4.**     Finally, we reject Ray's argument that his 145-month sentence, which fell at the low end of the advisory Guidelines range, is substantively unreasonable. Our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Treadwell*, 593 F.3d 990, 1009 (9th Cir. 2010).

Ray contends that the district court abused its discretion in giving him a 145-month sentence because Thomas, his co-defendant, was the scheme's true mastermind. We disagree. Unlike Ray, Thomas pleaded guilty and cooperated with the Government. Because "a sentencing disparity based on cooperation is not unreasonable," *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009), Ray's substantive unreasonableness challenge fails.

**AFFIRMED**.

*United States v. Ray*, No. 16-10054

FRIEDLAND, Circuit Judge, concurring in part and concurring in the judgment:

Rather than reaching the merits of Ray's ineffective assistance of counsel claim based on Engel's alleged failure to prepare him to testify, I would hold that the record is insufficiently developed to decide that claim at this stage. *See United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991).

The Government does not dispute that, if Engel failed to prepare Ray to testify, that omission would amount to deficient performance. *See Turner v. Duncan*, 158 F.3d 449, 457 (9th Cir. 1998). Instead, the Government disputes Ray's factual allegations about Engel's failure to meet with him to prepare. But we cannot resolve this fact dispute absent an evidentiary hearing in the district court. *See United States v. Steele*, 733 F.3d 894, 898 (9th Cir. 2013).

Unlike the panel majority, I do not believe the record is sufficiently developed to allow us to determine whether Ray was prejudiced by any failure to prepare him to testify. The district court's comments suggest that Ray's testimony harmed his case. And while it is true that Ray has not explained what he would have done differently if Engel had prepared him properly, that is the type of issue best developed on collateral review when the record can be supplemented.

Indeed, even the Government does not defend the district court's decision to deny on the merits the ineffective assistance of counsel claim regarding Ray's

testimony. The Government argues on appeal only that the claim requires a fuller record and so should be considered on collateral review. We are in no better position than the Government to assess whether Ray may be able to support an argument for prejudice with evidence he might submit on collateral review. Rather than giving the Government more than it asks for by precluding Ray from even trying to bolster his prejudice claim, I would decline to reach the merits of this issue and would thereby leave it open for resolution in the event Ray were to reassert it on collateral review.

I otherwise fully concur in the majority's disposition.